CHARLES E. RUSSELL COMPANY, INC. v. ROSA C. CARROLL.

March 9, 1953.

Record No. 4050.

Present, Eggleston, Miller, Smith and Whittle, JJ.

The opinion states the case.

*Bangel, Bangel and Bangel,* for plaintiff in error.

*Clyde W. Cooper, George H. Gray,* for defendant in error.

WHITTLE, J., delivered the opinion of the court.

Charles E. Russell Company, Inc., plaintiff, filed a motion for judgment in the Circuit Court of the City of Portsmouth against Rosa C. Carroll, defendant, seeking to recover rent money in the sum of $1,570 which had been paid by plaintiff to the defendant under protest.

The controversy grows out of the interpretation placed upon a written lease agreement signed by the parties. The lease

was dated April 10, 1947, and was for a term of five years. The property involved was a gasoline service station located in the city of Portsmouth.

 The contract was prepared by the plaintiff corporation and the clauses involved read as follows:

"Lessee agrees to pay as rent for said premises the sum of two (2) cents per gallon on all House-brand and Ethyl gasoline delivered to this location.

"Lessor agrees that if during the term of this lease the present dealer's margin on gasoline should become less than as of this date, lessor and lessee will get together and establish a rental return on a ratio and proportion basis in keeping with the decrease."

Clause 20 of the lease provides: "It is expressly understood and agreed by and between lessor and lessee that there is no verbal understanding or agreement which in any way changes the terms, covenants and conditions herein set forth; * * *".

The service station in question, so far as the record shows, was unoccupied on April 10, 1947, the date of the lease. The plaintiff later subleased it to one Shelton Ferguson, and under plaintiff's interpretation "the operator of the filling station" (Ferguson) was the "dealer" mentioned in the contract and his margin of profit on gasoline at the time he subleased the station was six cents per gallon.

Plaintiff claims that on August 14, 1950, "the operator of the filling station, due to a gas war which existed in the City of Portsmouth, reduced his dealer's margin of profit from six cents per gallon to three cents per gallon, which condition prevailed until January 24, 1951. During this time, 157,000 gallons of gasoline were delivered to the premises. Plaintiff requested the defendant to reduce the rent in accordance with the contract, which she refused to do, and the full rent was paid under protest." Plaintiff thus claims that the rent on the station should have been reduced from two cents per gallon for all gasoline delivered to the station to one cent per gallon and that it should be permitted to recover the sum of $1,570 excess rent paid under protest.

Defendant challenges the interpretation placed upon the contract by the plaintiff, contending that the contract was plain and unambiguous, and that parol evidence was not necessary to explain its terms.

This case has been tried twice. The evidence introduced on each trial was to all intents and purposes the same. On the first trial a jury verdict for the plaintiff in the amount sued for was set aside by the trial court on the ground that the jury had been improperly instructed.

The second trial proceeded as the first. Plaintiff introduced the contract and contended that Ferguson was the "dealer" contemplated therein; that Ferguson purchased gasoline from the Russell company and retailed it to the public; that on account of the gas war Ferguson, the station operator, was forced to cut his profit from six cents to three cents on the gallon; that because Ferguson was suffering from the price war the Russell company wanted to help him and decided to try to have defendant reduce the rent and thus pass the savings on to Ferguson. Evidence was also introduced over defendant's objection to show that generally in the trade a station operator is considered a dealer, and the plaintiff, the Russell company, is generally termed a distributor or wholesaler.

Upon the completion of the evidence the court sustained defendant's motion to strike the evidence of the plaintiff. This resulted in a verdict for the defendant, on which judgment was entered by the court over plaintiff's objection. To this judgment we granted plaintiff a writ of error.

Two questions are presented by plaintiff in its assignments of error:

1. Did the lower court commit error in setting aside the verdict in the first trial and ordering a new trial, and

2. Did the court err in sustaining the defendant's motion to strike the plaintiff's evidence on the second trial and entering final judgment for the defendant.

The question raised by the first assignment can be answered in our treatment of the second. The record shows that the contract here under review was prepared by the plaintiff, Charles E. Russell Company, Inc. The words employed therein are words chosen by the plaintiff and it is a basic principle, in case of doubt, that such words are to be most strongly construed against the scrivener where he is a party to the contract. *Carpenter* v. *Town of Gate City*, 185 Va. 734, 742, 40 S. E. 2d 268; *Price* v. *Stonega Coke, Etc. Co.*, 26 F. Supp. 172, affirmed 116 F. 2d 618, cert. denied 308 U. S. 618, 60 S. Ct. 263, 84 L. ed. 516. However, this rule of construction is not favored by the

courts and is not resorted to when the contract is clear. *Standard Ice Co.* v. *Lynchburg Diamond Ice Factory*, 129 Va. 521, 106 S. E. 390; 4 M. J., Contracts, § 44, p. 382.

Shelton Ferguson is not mentioned in the contract and nowhere does it appear that the operator of the filling station was in contemplation of the parties. The contract says that "lessee (the Russell company) agrees to pay" the rent,—not some station operator entirely unknown to the defendant. The basis of the rent is two cents per gallon on all gasoline "delivered to this location" and not on all gasoline sold by the station operator, as plaintiff would interpret the contract. The only dealer who could be affected by the profit "margin on gasoline" as far as this contract is concerned is the Russell company. There are only two parties to the contract, the plaintiff and the defendant. Under its terms no other parties are contemplated.

Webster's New International Dictionary, Second Edition, defines 'dealer' as: "One who deals; one who divides, distributes or delivers; * * * one who does business; a trader; a trafficker; a middleman; a person who makes a business of buying and selling goods, as distinguished from a manufacturer, without altering their condition." Under this definition the Russell company could clearly be classified as a dealer in gasoline.

If the interpretation of plaintiff were adopted, the station operator, not a party to the contract and in no way bound by it, could, at his own whim and fancy, control the rental on the station by selling gasoline at any price he chose. Under such interpretation the gasoline "sold from" the station would determine the rental and not the gasoline "delivered to this location" as the contract provides.

The contract further provides that "Lessor agrees that if during the term of this lease the present dealer's margin on gasoline should become less than as of this date * * *" an adjustment in the rental will be made. On the date of the lease there was no "present dealer" except the plaintiff. It is inconceivable that the defendant lessor contemplated that the simple agreement under consideration could permit some third person, unknown to her, to be brought into the picture, and that the rental would be determined by such unbound and unknown person.

A written contract, unambiguous in its terms, precludes the introduction of parol evidence to explain its meaning. As

aforesaid, the contract provides: ''It is expressly understood and agreed * * * that there is no verbal understanding * * * which in any way changes the terms, covenants and conditions herein set forth; * * *.''

Where parties contract lawfully and their contract is free from ambiguity or doubt, the agreement between them furnishes the law which governs them. *Mercer* v. *South Atl. Life Ins. Co.,* 111 Va. 699, 69 S. E. 961. We find no ambiguity or uncertainty in the contract before us and it was the duty of the court to declare its meaning. *Lynnhaven B. & P. Co.* v. *Moore,* 156 Va. 683, 690, 158 S. E. 896, 4 M. J., Contracts, § 40, p. 375. Parol evidence sought to be introduced to vary the terms of this plain lease agreement was not admissible and the court properly refused to consider it.

We find no error in the judgment of the trial court and it is

*Affirmed.*