In re BOB GRISSETT GOLF
SHOPPES, INC., Debtor.

BOB GRISSETT GOLF SHOPPES,
INC., Plaintiff,

v.

CONFIDENCE GOLF
COMPANY, Defendant.

Bankruptcy No. 82–01428–A.
Adv. No. 83–0120–A.

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Nov. 9, 1984.

John W. Thyden, Springfield, Va., for debtor.

Herbert L. Karp, Robert J. Burstein, Alexandria, Va., for defendant.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Bankruptcy Judge.

This matter arises out of debtor's complaint to avoid a preferential transfer of $4,750.00 filed March 15, 1983. Pursuant to the Court's direction, the parties filed memoranda of law and accompanying stipulations.

The facts are not in dispute. Bob Grissett Golf Shoppes, Inc., debtor herein, was a retailer of golfing equipment and supplies. Confidence Golf Co. ("defendant") is a supplier and wholesaler of golfing equipment. On February 18, 1982, defendant sued debtor in the Circuit Court for the County of Fairfax for the sum of $20,-214.04 plus interest allegedly due defendant for golfing equipment. Debtor filed a counterclaim for compensatory damages of $25,000.00 based, in part, on a claimed breach. The parties settled the civil proceeding with debtor's agreement to pay to defendant $19,000.00 in four equal monthly installments of $4,750.00 each commencing September 15, 1982. After making only the initial payment, debtor filed on November 5, 1982 its petition for reorganization under Chapter 11 of the Bankruptcy Reform Act of 1978 ("the Code").

Debtor argues that the payment of $4,750.00 pursuant to the settlement agreement is a preferential transfer under section 547(b) of the Code. Additionally, debtor maintains that the settlement under which the payment was made took the place of any contractual obligation debtor may have had to defendant, constituting a substitution of obligations which is specifically excluded from the definition of "new value." 11 U.S.C. § 547(a)(2).

Defendant asserts that the payment was not a preference because the requirements of section 547(b) are not satisfied or, alternatively, the payment is excepted from avoidance under section 547(c). Specifically, defendant argues that the payment was not made on account of an antecedent debt as is required in order for a transfer to be preferential. 11 U.S.C. § 547(b)(2). The defendant attempts to buttress this argument by maintaining that because debtor contested the claim in the state court proceeding the instant debt was not incurred until the stipulation of settlement was executed.

Defendant also argues that the payment of the $4,750.00 pursuant to the settlement agreement constituted a "contemporaneous exchange for new value" and the transfer is excepted from avoidance under section 547(c)(1). 11 U.S.C. § 547(C)(1)(A), (B). Furthermore, defendant claims that the transfer is excepted from avoidance under section 547(c)(2). 11 U.S.C. § 547(c)(2)(A). Defendant's basis here is that the payment was a debt "incurred in the ordinary course of business" of the debtor in that law suits are part of the day-to-day affairs of a business. *Id.*

In order for a transfer to be voided as a preference under section 547(b), all the requirements of that section must be satisfied. *In re General Office Furniture Wholesalers, Inc.*, 37 B.R. 180, 182 (Bankr.

158

E.D.Va.1984); *see* H.Rep. No. 95–595, 95th Cong., 1st Sess. 372 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 87 (1978), U.S. Code & Admin.News, p. 5787.

■ Initially, of course, there must be a transfer of property of the debtor. 11 U.S.C. § 547(b). There can be no doubt but that debtor's payment of the sum of $4,750.00 satisfies that requirement. *See* 11 U.S.C. § 101(41). The payment was made approximately on September 16, 1982, easily within the ninety-day period preceding debtor's filing a petition in bankruptcy. 11 U.S.C. § 547(b)(4)(A). Additionally, the payment was to defendant who is a creditor. 11 U.S.C. § 547(b)(1). Debtor is presumed to have been insolvent within the ninety-day period preceding the commencement of the case under section 547(f) and defendant has not rebutted that presumption. *See* 11 U.S.C. § 547(b)(3). The compromise settlement was executed within the ninety-day period as well. Absent the settlement, defendant would have been an unsecured creditor.

At the time of debtor's filing, debtor's schedules indicated debts in the amount of $902,716.74, with $359,284.55 having some type of priority. Debtor's assets at the time of filing totalled only $421,043.00. Even with minimal Chapter 7 administrative costs, defendant would not have received as much as it did by way of debtor's payment. *See* 11 U.S.C. § 547(b)(5). The remaining element which must be satisfied is that the payment be made for or on account of an antecedent debt. 11 U.S.C. § 547(b)(2).

■ In its motion for judgment in the state court, defendant indicated the obligation was incurred as of December 11, 1981. Debtor, however, contested the validity of its obligation by alleging a breach of promise on defendant's part. Defendant now argues that the debt was not incurred until the settlement order was entered. It is well settled that a debt is incurred on the date the debtor becomes obligated to pay. *Matter of Emerald Oil Co.,* 695 F.2d 833, 837 (5th Cir.1983). Clearly, an obligation to perform arises upon the making of a

binding contract. *See Spalding v. Mason,* 161 U.S. 375, 386–87, 16 S.Ct. 592, 596, 40 L.Ed. 738 (1896).

Under facts similar to the ones at bar, an United States Bankruptcy Court for the Southern District of Florida found a payment of $5,200.00 a preferential transfer. *Matter of Thrifty Supermarket, Inc.,* 6 B.C.D. 214, 215 (Bankr.S.D.Fla.1980). In *Thrifty,* debtor filed its Chapter 11 petition on December 28, 1979. On October 16, 1979, debtor and one of its creditors executed a joint stipulation for settlement in state court which required debtor to pay $11,188.50 to the creditor. *Id.* at 215. During the period between entry of the settlement order and debtor's filing in bankruptcy, debtor paid $5,200.00 to the creditor in two installments. *Id.* After a hearing on the preference claim, the bankruptcy court concluded that the debtor had met its burden on all of the elements of section 547 and found the transfer preferential. *Id.* As to the antecedent debt factor of section 547(b)(2), the *Thrifty* court merely stated that "[t]here is no question that the payments were made for or on the account of an antecedent debt." *Id.*

The validity of defendant's position will be determined by this Court's ruling as to when the debt was incurred. If the debt was incurred December 11, 1981, the debt is antecedent to the payment made in September 1982. Additionally, the payment would not be excepted from avoidability under section 547(c)(2) because the payment would have been made outside of the forty-five-day period. 11 U.S.C. § 547(c)(2)(B). If any one element of section 547(c)(2) is not satisfied, the exception to avoidance fails. *In re General Office Furniture Wholesalers, Inc.,* 37 B.R. at 183 and cases cited therein. Furthermore, section 547(c)(1) would not protect the transaction because a payment made nine months after a debt was incurred could hardly be said to be contemporaneous as is required under that subsection. 11 U.S.C. § 547(c)(1)(B).

There is no doubt but that the debt was incurred in December 1981. A contract which is clear and unambiguous in its terms on which the parties have agreed governs the relationship between the parties. *Russell Co. v. Carroll*, 194 Va. 699, 703, 74 S.E.2d 685 (1953). The parties did have a purchase agreement and it should be considered enforceable until such time as the objecting party proves otherwise. A later compromise of a claim is of no effect as to when the debt arose. Thus, although debtor alleged a breach of promise by defendant, debtor would have had to have borne the burden of proof and shown such a breach to render the agreement unenforceable. *Simpson v. Scott*, 189 Va. 392, 401, 53 S.E.2d 21 (1949); 17 Am.Jur.2d *Contracts* § 441 (1964). Because the debt was incurred in December 1981, the transfer was a voidable preference, the exceptions to avoidability under section 547(c) being inapplicable. *See Matter of Thrifty Supermarket, Inc.*, 6 B.C.D. 214, 215 (Bankr.S.D.Fla.1980).

An Order will enter pursuant to the above finding.