LUMBERMENS MUTUAL CASUALTY
COMPANY and Ray Dalton,
Appellants,

v.

HARLEYSVILLE MUTUAL CASUALTY
COMPANY and State Farm Mutual Au-
tomobile Insurance Company, Appel-
lees.

No. 12741.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 6, 1969.

Decided Feb. 14, 1969.

Philip M. Sadler, Pulaski, Va., John B. Spiers, Jr., Radford, Va. (Gilmer, Sadler, Ingram, Thomas & Sutherland, Pulaski, Va., and Spiers, Spiers & Mink, Radford, Va., on brief), for appellants.

Stuart B. Campbell, Jr., Wytheville, Va. (Campbell & Campbell, Wytheville, Va., on brief), for appellees.

Before BRYAN, WINTER and BUTZ-NER, Circuit Judges.

PER CURIAM:

Here insurance responsibility for one Ray Dalton was sought to be impressed upon State Farm Mutual Automobile Insurance Company by Lumbermens Mutual Casualty Company and Dalton. The coverage was asserted to procure contribution from State Farm towards reimbursement of Lumbermens for its full satisfaction of a personal injury judgment against Dalton and others. It had been granted Gertrude Southern by the Circuit Court of Pulaski County, Virginia on December 18, 1961, in an automobile collision case against Walter and Franklin Crigger, who were responsible for one car's operation, and Ray Dalton, the driver of the other vehicle. The District Court rejected Lumbermens' suit, as do we.

This decision was a resolution of the issue directed on remand of the first ap-

peal in this case, Lumbermens Mutual Cas. Co. v. Harleysville Mut. Cas. Co., 367 F.2d 250, 255 (4 Cir. 1966). There we held that State Farm was Ray Dalton's insurance carrier, and liable to Lumbermens for contribution, but subject to State Farm's forfeiture defense. This was that the insured had not complied with the policy's demand of notice to and cooperation with the insurer, thus cancelling any protection under its terms.

With comprehensive findings and upon sound conclusions, the District Judge refused Lumbermens' claim. He determined that State Farm's insured had flagrantly denied the insurer the cooperation requisite to qualify for the benefits of the policy. We affirm upon the District Court's opinion, Lumbermens Mutual Cas. Co. v. Harleysville Mutual Cas. Co., 287 F.Supp. 932 (W.D. Va.1968).

Affirmed.