## Richmond

DANIEL M. WINN, ET AL.

.V.

ALEDA CONSTRUCTION CO., INC.

Record No. 810660.

April 27, 1984.

Present: All the Justices.

*Douglas E. Bywater (Tate and Bywater*, on brief), for appellants.

No argument or brief for appellee.

STEPHENSON, J., delivered the opinion of the Court.

Aleda Construction Co., Inc., filed a motion for judgment to recover damages from Daniel and Ann Winn. In Count I, Aleda claimed that the Winns breached a written construction contract by failing to pay the $4,644.54 balance due for the construction of a house. The second count alleged that the Winns defrauded Aleda by intentionally submitting unwarranted claims of construction deficiencies to avoid paying the balance due under the contract. In that count, Aleda sought the $4,644.54 balance as compensatory damages and $100,000 as punitive damages.[1] By their grounds of defense, the Winns denied Aleda's claims.[2]

After Aleda rested its case, and again at the conclusion of all evidence, the Winns moved the court to strike Aleda's evidence on both counts. The court denied the motions and submitted the case to the jury, which awarded Aleda both compensatory and punitive damages. The Winns assigned error to the court's rulings, and our resolution of these issues is dispositive of this appeal.

Under established principles, we must view the evidence in the light most favorable to Aleda. The Winns contracted with Aleda for the construction of a house. Aleda, an experienced builder, prepared the written contract and accompanying specifications. It promised to construct the house in a "good, workmanlike, and substantial manner," using "good, proper, and sufficient materials." In return, the Winns agreed to pay Aleda $117,080.

The Winns were to make payments, called "draws," at various specified stages of work completion. The funds would be paid "in consideration of the covenants and agreements being *strictly* performed and kept by [Aleda] as specified." (Emphasis added.) The contract provided for a final draw of $11,208, which was due and payable when the house was "fully complete and [Aleda] supplied [the Winns] with a final survey and executed Release of Liens." Aleda's claim involves a portion of the final draw.

At trial, Aleda's president conceded that there were several incomplete items, which he estimated would cost $500. (Another witness called by Aleda estimated the cost of completion at $800

---

[1] The motion for judgment contained two other counts. However, the trial court struck Aleda's evidence respecting them and Aleda did not assign cross-error to the rulings.

[2] The Winns also filed a counterclaim seeking damages from Aleda for breach of contract. The jury returned a verdict on the counterclaim in favor of Aleda, on which the trial court entered judgment. The Winns, however, did not assign error to the ruling.

to $1,000.) Moreover, Aleda admitted that it had not furnished the Winns with either a final survey or a release of liens.

The parties' contract becomes the law of the case unless it is repugnant to some rule of law or public policy. *Mercer v. S. Atlantic Ins. Co.*, 111 Va 699, 704, 69 S.E. 961, 962 (1911). It is a well-established principle that, when a contract is clear and unambiguous, it is the duty of the court, and not the jury, to decide its meaning. *Russell Co. v. Carroll*, 194 Va. 699, 703, 74 S.E.2d 685, 688 (1953); *Krikorian v. Dailey*, 171 Va. 16, 24, 197 S.E. 442, 446 (1938); *Lynnhaven Beach Co. v. Moore*, 156 Va. 683, 690, 158 S.E. 896, 900 (1931); *Bossieux v. Shapiro*, 154 Va. 255, 262, 153 S.E. 667, 669 (1930); *Geoghegan v. Arbuckle Bros.*, 139 Va. 92, 101, 123 S.E. 387, 389 (1924).

Words used by the parties are normally given their usual, ordinary, and popular meaning. *Ames v. American Nat. Bank*, 163 Va. 1, 39, 176 S.E. 204, 217 (1934). No word or clause will be treated as meaningless if a reasonable meaning can be given to it, and there is a presumption that the parties have not used words aimlessly. *Id.*, 176 S.E.2d at 216-17.

When a contract provides for the performance of special conditions precedent before a party is entitled to payment, the conditions must be performed unless the other party prevents or waives their performance. *Wright v. Agelasto*, 104 Va. 159, 161, 51 S.E. 191, 191 (1905). Additionally, a contract will be construed more strictly against the party who prepared it. *Graham v. Commonwealth*, 206 Va. 431, 435, 143 S.E.2d 831, 834 (1965); *Worrie v. Boze*, 191 Va. 916, 924, 62 S.E.2d 876, 880 (1951).

Applying the foregoing principles of law to Aleda's allegation of breach of contract, we conclude that the trial court erred in denying the Winns' motion to strike Aleda's evidence as to Count I. No material facts were genuinely in dispute, and, therefore, there was nothing to be resolved by the jury.

Aleda prepared the contract. It chose the words and phrases contained therein. The contract included the provisions that the funds would not be due unless Aleda "*strictly* performed and kept" all the covenants and agreements, as well as the stipulation that the final draw would not be due until the "house is *fully* complete and the [Winns have] been supplied with a final survey and executed Release of Liens." (Emphasis added.) Given their usual, ordinary, and popular meaning, "strictly" means "particularly severe in requirement: permitting no evasion . . . maintained abso-

lutely without deviation," *Webster's Third New International Dictionary*, 2261 (1981), and "fully" means "completely, entirely, thoroughly." *Id.* at 919.

The undisputed evidence disclosed that the house was not *fully* completed and, because no final survey or lien release was furnished to the Winns, the contract was not *strictly* performed. The proper location of a house, which only can be determined by an accurate survey, is of vital importance. Likewise, it is important that the owner of a newly-constructed house be protected from the lien claims of persons furnishing labor and materials. Because Aleda itself did not strictly perform the terms of the contract, we hold, as a matter of law, that Aleda failed to prove that it was entitled to be paid the balance of the final draw by the Winns, as alleged in Count I.

Count II charged the Winns with actual fraud. The elements of actual fraud are: (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled. *Chandler* v. *Satchell*, 160 Va. 160, 171-72, 168 S.E. 744, 748 (1933); *Moore* v. *Gregory*, 146 Va. 504, 523, 131 S.E. 692, 697 (1925). The burden is upon the party charging fraud to prove it by clear and convincing evidence. *Wolford* v. *Williams*, 195 Va. 489, 498, 78 S.E.2d 660, 665 (1953); *Ashby* v. *Red Jacket Coal Corp.*, 185 Va. 202, 207, 38 S.E.2d 436, 439 (1946).

The evidence is completely devoid of any of the elements of actual fraud. Our previous analysis of the evidence totally negates any suggestion that the Winns embarked upon a fraudulent scheme to avoid payment of a portion of the final draw. We conclude, therefore, that the trial court also erred in denying the motion to strike the evidence respecting Count II.

For these reasons, we will reverse the judgment of the trial court and enter judgment for the Winns.

*Reversed and final judgment.*