## CIRCUIT COURT OF WISE COUNTY

Nationwide Mutual Insurance Co.

v.

Allstate Insurance Co.,
Kenneth Holbrook,
Jacqueline D. Holbrook et al.

February 2, 1987

Case No. C85-466

By JUDGE J. ROBERT STUMP

The court has considered the depositions, briefs and extensive oral argument on this declaratory judgment action, and makes the following findings:

On December 9, 1984, a single car accident occurred. Kenneth Holbrook was the driver with permission of the owner, Cheryl Shoop, who was insured by Nationwide. Passengers in the car were Deborah Hobbs, Jacqueline Holbrook, and her 2-year-old daughter. Jacqueline had uninsured motorist coverage with Allstate.

Kenneth had been drinking beer before the accident, was fearful of a DWI charge, and convinced the passengers and later the car owner to make false reports to the Virginia trooper and Nationwide that Jacqueline was the driver.

In January, 1985 Deborah settled her personal injury claim against Jacqueline with Nationwide.

On January 28, 1985, Jacqueline testified in General District Court that Kenneth was the true driver, not her.

Jacqueline filed a motion for judgment against Kenneth, who personally delivered suit papers to Patrick Potter, local Nationwide Insurance agent, on July 8, 1985. The next day Potter forwarded suit papers to Hash, a field

adjuster in Grottoes, Virginia. On August 12, 1985, Nationwide wrote Kenneth denying coverage.

On October 25, 1985, Nationwide filed this declaratory judgment action against Allstate *et al.* alleging no duty to defend Kenneth, and that Allstate's U.M. coverage on Jacqueline should apply. On April 23, 1986, depositions of Jacqueline, Deborah, Potter and the trooper were taken. The deposition of Kenneth was taken in Florida on October 24, 1986. At these depositions Nationwide discovered Kenneth to be the true driver. Attorneys for Nationwide and Allstate attempted to negotiate a settlement from April through September, 1986. On October 29, 1986, Nationwide filed an amended declaratory judgment alleging a new count of fraud against Kenneth after he told the truth under oath.

### Cooperation

The car owner, driver, and all adult passengers initially, continuously, deliberately, and intentionally gave false reports to Nationwide as to the true identity of the driver. This is an obvious willful failure to cooperate and comply with policy provisions and the insurer. The intentional furnishing of false information of a material nature either before or at the trial is a breach of an automobile liability policy co-operation clause. *State Farm Mutual Auto Ins. Co. v. Arghyris*, 189 Va. 913, 55 S.E.2d 16 (1949). Where the insured misidentified the driver, see *Lumbermens Mut. Casualty Co. v. Harleysville Mut. Casualty Co.*, 287 F. Supp. 932 (W.D. Va. 1968), *aff'd* 406 F.2d 836 (4th Cir. 1969).

The sole issue then is whether "the failure to cooperate 'prejudices the insurer in the defense of an action for damages'." *State Farm Ins. v. Davies*, 226 Va. 310, 313 (1983).

The court finds that Nationwide has proved prejudice. Although trial in the personal injury claim of Jacqueline has not been heard nor scheduled, the passage of time is materially significant.

The court finds that if the true identity of the driver had been reported initially "the insurer has established a reasonable likelihood the result (here the future result) would have been favorable to the insured and has carried its burden of proving prejudice. . . ." *Davies*

at p. 316. The following reasons are given for this conclusion: (1) the substantial passage of time (seven months, considering that suit papers delivered to Nationwide was proper notice, which this court rejects; sixteen or twenty-two months, considering the dates of depositions under oath of the true driver and passengers; and twenty-five months, considering the insured and the true driver have never given Nationwide official notice recanting their initial false reports); (2) the unavailability of witnesses; (3) the fading of memories due to the passage of time; (4) Nationwide settled Deborah's false personal injury claim against Jacqueline in view of the possible defense of assumption of risk that could have been raised if the true driver's identity had been known, and further Deborah released Jacqueline, not Kenneth; and (5) the total destruction of the credibility of the true driver, Kenneth. (Allstate argues that the credibility of Jacqueline and its defense of Kenneth per the U.M. coverage is destroyed also, but the issue here is the policy defense of non-cooperation by Kenneth to Nationwide.)

### Notice

Although the insurer gave notice to Nationwide of the accident, the court finds that it was willful, false and improper notice to misrepresent to the insurer the true identity of the driver, which was a substantial and material breach of the policy; and that proper notice was not given "as soon as practicable."

Although it is unnecessary for the insurer to prove prejudice in a breach of notice defense, the court has gone further and finds prejudice present here.

To this date proper notice has not been given to Nationwide by its insured. Nationwide has indirectly learned through depositions under oath and a motion for judgment filed by Jacqueline against Kenneth that the original reports of the true driver's identity were false. The court finds that the motion for judgment filed by Jacqueline against Kenneth was not "substantial compliance," nor proper notice pursuant to the terms of the insurance policy. *Liberty Mutual Ins. v. Safeco Ins.*, 223 Va. 317 (1982).

Further Allstate contends that Nationwide owed a duty to diligently investigate the true identity of the

driver, but in view of the false reports Nationwide had a right to rely on said reports filed by its insured, the driver and all passengers in the vehicle.

### Waiver or Estoppel

Va. Code § 38.2-2226 provides that the insurer must notify claimant of its intent to rely on a breach in defense of liability within twenty days after "discovery." A period of 35 days elapsed between the date Jacqueline's motion for judgment against Kenneth was delivered to the insurer's local agent to the date of notice given by Nationwide to claimant (Kenneth).

The court finds that the claimant has no standing to raise this defense since he has "equitable unclean hands" in view of his fraudulent misrepresentations and continuous failure to officially notify insurer that he was the true driver.

Further, the court finds that Allstate has failed to prove "discovery" of the breach in that there was no showing of "awareness by the insurer of facts tending to show there has been a violation of the policy provisions and, second, evaluation of those known facts culminating in a decision that a breach apparently has occurred." *Safeco*, at p. 326. Again the delivery of Jacqueline's motion for judgment to Nationwide's local agent is a mere unsubstantiated claim, and cannot be classified as sufficient "discovery" to the insurer that a breach occurred. True discovery occurred on October 24, 1986, the day Kenneth finally told the truth under oath at his depositions.

Wherefore, the court holds that Nationwide substantially complied with the notice statute and has not waived its policy defenses.

### Laches

Allstate contends that Nationwide's fraud count is barred by laches, which the court overrules for the following reasons: (1) the claimant, Kenneth, has "equitable unclean hands"; (2) laches is not a bar to an affirmative defense; (3) the date of indirect discovery of the breach occurred during depositions after this declaratory action was filed and while this action was pending; (4) the insurance companies attempted to negotiate a settlement

for several months from April through September, 1986; and (5) the essence of time was not a factor which prejudiced Allstate in this action.

### *Fraud*

The court finds by clear and convincing evidence, which has been properly pled and proved by Nationwide, that its insured and claimant committed actual fraud by making false, intentional representations of a material fact, which was relied on and resulted in damage to Nationwide. *Wynn v. Aleda Construction Co.*, 227 Va. 304 (1984).

The court also finds that Nationwide has properly pled, and clearly and convincingly proved constructive fraud. *Jefferson Standard Ins. Co. v. Hedrick*, 181 Va. 824, 27 S.E.2d 198 (1943).

The court further finds that the proven constructive and actual fraud applies as well to Jacqueline as it does to Kenneth. Therefore, the uninsured motorist coverage of Allstate is applicable here.

Wherefore, the court concludes:

1. Nationwide has no duty to defend Kenneth Holbrook in Jacqueline Holbrook's suit against him or in any other actions arising out of this accident;

2. Nationwide's liability and uninsured motorist coverage is not applicable to the Shoop vehicle at the time of this accident;

3. Nationwide has no legal liability whatsoever to any of the occupants of the Shoop vehicle for any claims arising out of this accident; and

4. Allstate's uninsured motorist coverage under its policy issued to Jacqueline Holbrook does apply to her claim against Kenneth Holbrook.