829 F.2d 1120
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
JOHN C. HOLLAND ENTERPRISES, INC., Plaintiff-Appellant,
v.
J.P. MASCARO & SONS, INC.; Pacquale Mascaro; Louis
Mascaro; Frank Mascaro, Defendants-Appellees,
J.P. Mascaro, Defendant.
 No. 87-2011.
 United States Court of Appeals, Fourth Circuit.
 Argued July 31, 1987.
Decided Sept. 14, 1987.
 
 Richard N. Bagenstos (John M. Carter, on brief), for appellant.
 Gordon Bennett Tayloe, Jr. (Cooper & Davis, on brief), for appellees.
 Before HARRISON L. WINTER, Chief Judge, and MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 In 1984, John C. Holland Enterprises (Holland) bid on a one year contract for solid waste disposal services at the Norfolk Naval Shipyard. Holland had performed the services in preceding years. However, following competitive bidding, the 1984 contract was awarded to J.P. Mascaro & Sons, Inc. (Mascaro), the lowest bidder. The terms of the solicitation provided that only "small businesses" could compete for the contract. Contending that Mascaro was not a small business as defined by the bid solicitation, Holland challenged the award of the contract in administrative proceedings before the Small Business Administration. Ultimately, Holland prevailed and Mascaro was prohibited from bidding on the contract in 1985. Unsatisfied with that remedy, however, Holland brought suit against Mascaro alleging, with respect to the 1984 contract, unjust enrichment, fraud, conspiracy, violations of RICO and negligence. The district court dismissed the conspiracy and negligence claims and Holland does not appeal those results. Holland voluntarily dismissed the RICO claim. The district court resolved the unjust enrichment and fraud claims against Holland on Mascaro's motion to dismiss under Fed. R. Civ. P. 12(b)(6), finding that Holland had not stated a valid claim under Virginia law. Holland appeals.
 
 
 2
 There is a potentially interesting question of whether the language of the small Business Act, 15 U.S.C. Secs. 631650, preempts suits under state law. See, e.g., Tectonics. Inc. of Florida v. Castle Construction Co., 753 F.2d 957 (11th Cir.1985) (holding that there is no such preemption over a strong dissenting opinion), cert. denied, 106 S.Ct. 143 (1985). However, it is not necessary to explore the preemption question, for even if an action based on state law is not preempted, the particular action here would fail on the merits. One may recover in an action for unjust enrichment under Virginia law only where one holds an unquestioned right to the diverted funds:
 
 
 3
 [T]he defendant has received money from a third person by law or authority through some mistake or fraud, which but for the mistake or fraud would have vested the right to the money in the plaintiff ... [T]he plaintiff may recover whenever, but for the mistake or fraud, he would have had unquestioned right to the money. Such cases rest upon the plaintiff's original right to the fund, which right has been lost to the plaintiff or impaired by the mistake or fraud.
 
 
 4
 City of Norfolk v. Norfolk County, 120 Va. 356, 91 S.E. 820, 826 (1917) (emphasis added).
 
 
 5
 Unfortunately for plaintiff, federal statutes concerning bidding on small business set-asides provide that a contract need not be automatically awarded to the low bidder or anyone else. 10 U.S.C. Sec. 2305. Cf. 48 C.F.R. Secs. 9.103, 9.104 (1986) (imposing additional criteria that may deprive a low bidder of a contract). For the foregoing reason plaintiff's claim of unjust enrichment must fail.
 
 
 6
 Similarly, with respect to the fraud claim, one aspect which must be established to exist for the plaintiff to succeed is reliance by the party misled. Winn v. Aleda Construction Co., Inc., 227 Va. 304, 315 S.E.2d 193, 195 (1984). It is clear that Holland has not relied on Mascaro's representation. Holland's protest was filed no more than three days after the contract was awarded which strongly suggests that Holland knew or suspected that Mascaro was not a qualified bidder and was thus not misled by any contrary representation. In addition Holland could not have relied on any representation by Mascaro because Holland did not know the terms of the Mascaro bid until unsealing of the bids and awarding 'of the contract.
 
 
 7
 For all the foregoing reasons, the decision of the district court is
 
 
 8
 AFFIRMED.