## CIRCUIT COURT OF FAIRFAX COUNTY

Mary B. McGee

v.

Reliance Ins. Co.
and John Doe

July 26, 1989

Case No. (Law) 87378

By JUDGE LEWIS HALL GRIFFITH

This matter is before the Court on the Plea in Bar and Demurrer of Defendants, John Doe and Reliance Insurance Company ("Reliance"), and the opposition thereto.

Count I of the Motion for Judgment alleges negligence against John Doe and requests relief against both Defendants. Count II is for equitable estoppel. Count III is for negligence and practicing law without a license by Reliance. Count IV is for negligence and the unauthorized practice of law without a license by Reliance. Count V is for fraud.

In *Hitt v. Cox*, 737 F.2d 421 (4th Cir. 1984), the Fourth Circuit stated that in Virginia, estoppel requires that:

(1) there must have been a false representation or concealment of material facts; (2) the representation must have been made with knowledge of the facts; (3) the party to whom it was made must have been ignorant of the truth of the matter; (4) it must have been made with the intention that the other party should act upon it; and (5) the other party must have been induced to act upon it.

*Id.* at 424 (citations omitted).

The facts and allegations set forth in Count II and incorporated by reference are sufficient to set forth a cause of action for estoppel. Accordingly, the demurrer to Counts I and II is overruled.

In *City of Bedford v. James Teffel & Co.*, 558 F.2d 216 (4th Cir. 1977), the Fourth Circuit addressed the effect of the doctrine of equitable estoppel when a defendant raises the statute of limitations as a defense. The Court stated that:

> As applied to the statute of limitations, its [equitable estoppel] central premise is that one cannot justly or equitably lull his adversary into a false sense of security, and thereby cause his adversary to subject his claim to the bar of the statute [of limitations], and then be permitted to plead the very delay caused by his course of conduct as a defense to the action when brought.

*Id.* at 218 (footnote omitted).

The Court, having concluded that plaintiff's allegations are sufficient to set forth a cause of action for estoppel, further concludes that defendants are precluded from raising the statute of limitations as an affirmative defense under the Court's holding in *James Teffel & Co.* Therefore, defendants' plea in bar to Counts I and II is overruled.

In Counts III and IV, McGee alleges that Reliance was negligent when they rendered legal advise to her. The Court concludes that the facts and allegations set forth in Counts III and IV are sufficient to set forth a cause for negligence. The demurrer to Counts III and IV as to the negligence claims is overruled.

In Counts III and IV, McGee also alleges that Reliance was practicing law without a license and that Reliance engaged in the unauthorized practice of law without a license. McGee asserts that Reliance is guilty of violating the 1950 Code of Virginia, § 54-44, as amended, which sets forth the criminal penalty for practicing law without a license. McGee asserts that she is entitled to recover

for this alleged violation pursuant to a Virginia Code Section 8.01-221.

Virginia Code § 8.01-221 provides:

*Damages from violation of statute, remedy therefor, and penalty.* -- Any person injured by the violation of any statute may recover from the offender such damages as he may sustain by reason of the violation, even though a penalty or forfeiture for such violation be thereby imposed, unless such penalty or forfeiture be expressly mentioned to be in lieu of such damages. And the damages so sustained together with any penalty or forfeiture imposed for the violation of the statute may be recovered in a single action when the same person is entitled to both damages and penalty; but nothing herein contained shall affect the existing statutes of limitation applicable to the foregoing causes of action respectively.

In *Morgan v. American Family Life Assurance Co.*, 559 F. Supp. 477 (W.D. Va. 1983), the Court interpreted Virginia Code § 8.01-221 and concluded that:

Although this section itself does not create any new rights of action but instead preserves any existing right of action that an injured person may have against a wrongdoer who has previously been the subject of statutory penalties for his misconduct.

*Id.* at 484 (citations omitted).

In this proceeding there is no allegation or record which would permit the Court to conclude that Reliance has been the subject of the statutory penalty imposed by Virginia Code § 54-44. The Court concludes that McGee has failed to set forth sufficient facts and allegations to maintain causes of action for practicing law without a license and the unauthorized practice of law without a license. Accordingly, the demurrer to Counts III and IV for practicing law without a license and the unauthorized practice of law are sustained.

In Count V, McGee alleges the existence of a presumed fraud against Reliance. In *Winn v. Aleda Construction Co.*, 227 Va. 304, 315 S.E.2d 193 (1984), and *Nuckols v. Nuckols*, 228 Va. 25, 320 S.E.2d 734 (1984), the Court set forth the elements of the causes of action for actual and constructive fraud, respectively. The Court concludes that the facts and allegations set forth in Count V and incorporated by reference therein are insufficient to set forth a cause of action for either actual or constructive fraud. The demurrer to Count V is sustained.