## CIRCUIT COURT OF FAIRFAX COUNTY

Kleven

    v.

Koury
and Sunshine Homes, Inc.

July 22, 1990

Case No. (Law) 97322

By JUDGE THOMAS A. FORTKORT

In assessing defendant's demurrer, the following facts which must be taken as true have been summarized from plaintiff's pleadings. The plaintiff, Kleven, and the defendant, Koury, were business partners. They formed a corporation (the defendant, Sunshine Homes, Inc.) in which Koury owned all the stock and was its president. Kleven was not an officer and did not own stock but split the profits of the business equally with Koury. On March 16, 1989, Kleven and both defendants reached an agreement whereby Kleven would retire from the business in return for being paid for his interest in it. On May 4, 1989, the parties orally agreed that the compensation would be paid over the course of four years, with a lump sum of approximately $531,500 due annually.

On September 8, 1989, Koury informed Kleven that the agreement would not be honored. Since that date, one payment became due under the contract and was not paid.

The defendants demurred to the Motion for Judgment, raising these issues.

The defendants argue that this contract is oral and not one to be performed within a year and therefore falls within the statute of frauds. Code of Virginia § 11-2.

The agreement of the parties was that in exchange for Kleven's giving up his interest in the business, the defendants would pay him approximately two million dollars over the course of four years.

> An agreement does not fall within the statute [of frauds] if that which one of the parties is to do is all to be performed within a year; in other words, the agreement must contemplate non-performance by both parties within the year. *Greenbrier Farms v. Clarke*, 193 Va. 891, 895, 71 S.E.2d 167 (1952).

Kleven's obligation, i.e. giving up his interest in the business, was performed within a year.

The Demurrer on this point is overruled.

The defendants argue that the plaintiff is only entitled to the past due $500,000 installment because the remainder of their scheduled payments have not yet come due.

When one party to a contract has refused to perform his obligations before they become due, the other party may elect to sue on them without waiting for the time of performance to arrive. *Mutual Reserve Fund Life Assoc. v. Taylor*, 99 Va. 208, 213, 37 S.E. 854 (1901).

The present case is essentially an action for anticipatory breach (even though the Motion for Judgment is not specifically styled so). Kleven alleges that the defendants told him they did not intend to honor the agreement. This entitled Kleven to sue on the entire contract.

The Demurrer on this point is overruled.

The elements of fraud are a false representation of a material fact, made intentionally with the intent to mislead, reliance by the party misled and resulting damage. *Winn v. Aleda Construction Co.*, 227 Va. 304, 308, 315 S.E.2d 193 (1984). In relation to fraud involving contracts, when one makes a promise, intending at that time not to perform, he is making a misrepresentation

of present fact, and if it is made to induce the promisee to act to his detriment, it is actionable as fraud. *Colonial Ford Truck Sales, Inc. v. Schneider*, 228 Va. 671, 677, 325 S.E.2d 91 (1985).

The plaintiff alleged all the necessary elements outlined above and has sufficiently pleaded fraud.

The Demurrer on this point is overruled.

The defendants argue that the Motion for Judgment fails to state which defendant committed fraud.

Every necessary allegation for fraud is pleaded in the plural and states, as to every necessary element, that Koury acted individually and on behalf of the defendant, Sunshine Homes, Inc.

It is clear that each defendant is being sued for fraud, and the Demurrer on this point is overruled.

Paragraph four of the defendant's Demurrer is the same as paragraph two and should be overruled.