534

Songer

v.

Stokes et al.

November 14, 1990

Case No. (Law) 99563

By Judge Michael P. McWeeny

This case originally came before the Court upon defendants Mattick and Albanese and Mattick, P.C., filing of a Demurrer. In lieu of oral arguments, briefs were to be filed.

The Court has now received the briefs and considered the arguments. A demurrer admits the truth of all material facts that are properly pleaded and accepts all reasonable inferences therefrom. *Lyons v. Grether*, 218 Va. 630, 631 (1977). On the face of the pleadings, a reasonable inference may be drawn as to an alleged contractual relationship. The Demurrer to Count I is overruled.

As to Count II, however, the demurrer is sustained for failure to plead fraud with specificity. *See, Winn v. Aleda Construction Co., Inc.*, 227 Va. 304 (1984); *Tuscarora, Inc. v. B.V.A. Credit Corp.*, 218 Va. 849 (1978). There is no factual allegation as to what fraudulent act or statement was performed or made by these defendants.

In addition, the claim for punitive damages fails at the current state of pleading. Once the demurer is sustained as to Count II, there is no factual basis for an award of said damages as the pleading fails to set forth a "willful and independent tort" in the remaining contract action. *Kamlar Corp. v. Haley*, 224 Va. 699 (1983).

Lastly, the demurrer is sustained for misjoinder. Section 8.01–272 changes the common law rule so long as the claims arise out of the same transaction and against the same group of defendants. *Fox v. Deese*, 234 Va. 412 (1987). Here, the plaintiff has improperly joined a defendant under Count IV which has no relation to the other three counts.

The plaintiff is granted twenty-one days to amend.