## CIRCUIT COURT OF FAIRFAX COUNTY

Lehndorff Tysons
Joint Venture

v.

Judy Alexander et al.

February 27, 1992

Case No. (Law) 105656

BY JUDGE J. HOWE BROWN

This matter is before the Court for a de novo trial following an appeal from an unlawful detainer action in the General District Court. Plaintiff in this case is the landlord at Tysons Corner Center. Defendant, the tenant, failed to pay rent pursuant to its lease with the landlord. On January 16, 1991, the landlord sent the tenant a letter setting forth the amount due and requesting cure within five days. Defendant did not make any payment. On January 30, 1991, under the terms of the lease, the lease terminated because of the default and failure to cure. An unlawful detainer action seeking possession of the premises for nonpayment of rent was filed on February 22, 1991.

On March 20, 1991, the tenant paid the amount set forth in the January 16, 1991, letter. The landlord continued the court action, however, seeking either possession or an order requiring the tenant to pay over $4,000 in attorney's fees. The defendant continued to make payments under the lease. The general district court entered judgment against the tenant and ordered possession only to the landlord. From that decision, the tenant appealed; this court heard the case on a trial de novo.

The tenant argues that the landlord waived the default by accepting rent and mailing certain letters to the tenant. In general, any act on the part of the lessor, by word or deed, which signifies his intention to affirm the lease, is conclusive evidence of a waiver of the

forfeiture. *Mullins v. Sturgill*, 192 Va. 653, 664 (1951). The parties contract becomes the law of the case, however, unless it is repugnant to some rule of law or public policy. *Winn v. Aleda Const. Co.*, 227 Va. 304, 307 (1984). Section 16.08 of the parties' lease specifically provides that any waiver is ineffective unless in writing. Thus, the act of accepting payment does not constitute a waiver under the terms of the parties' contract. The Court also finds that there is no language in any letter which would act as a written waiver of default.

Although the landlord argues that the tenant's payment on March 20, 1991, of the delinquent rent and late charges was insufficient to avoid forfeiture because the tenant failed to also pay $4,367 in attorney's fees suffered in consequence of the default, the court finds that the payment was in compliance with the amount owed. Therefore, the remaining issue is whether Code § 55–243 prevents forfeiture in this case notwithstanding the parties' express agreement to the contrary. The court rejects this argument on two grounds. First, Code § 55–243 is only applicable, by its terms, to an *ejectment* proceeding under § 55–239. This action is one for unlawful detainer. Second, Section 16.06 of the lease specifically provides that the tenant waives any right of redemption or for the restoration of the operation of the lease under any present or future law in case the tenant shall be dispossessed for any cause.

For these reasons, judgment is entered for the landlord for possession of the premises.