## CIRCUIT COURT OF LOUDOUN COUNTY

Dynatech Communications, Inc.

v.

Fastcomm Communications, Corp.

March 22, 1995

Case No. (Law) 16143

BY JUDGE JAMES H. CHAMBLIN

This case is before the Court on the Demurrer and Plea of the Statute of Limitations of the Defendant, Fastcomm Communications Corporation, to the causes of action involving fraud alleged in the Motion for Judgment. The Court heard oral argument on March 3, 1995.

For reasons that follow, the Demurrer is overruled, and the Plea is overruled at this time.

### Demurrer

The Defendant basically argues that the gist of the facts alleged in the Motion for Judgment make out merely a breach of contract claim. The Defendants have not demurred to the Plaintiff's breach of contract claim. The Defendants argue that the alleged pre-contracting representations by the Defendant to the Plaintiff relate only to future promises or events which do not rise to the level of fraud which must relate to present or pre-existing facts.

I cannot find as a matter of law that a claim of breach of contract cannot have associated with it a fraud claim based on representations made before the contract was entered into. However, the causes of action are separate and distinct. They have different burdens of proof and different elements of damage. There are also different causation questions. For example, the Plaintiff must show damages caused by the fraud in order to recover in tort, and such damages must not be damages resulting merely from the breach of the contract. Such differences become more apparent after the pleadings stage of a lawsuit.

When a motion for judgment contains sufficient allegations of material facts to inform a defendant of the nature and character of the claim, it is unnecessary for the pleader to descend into statements giving details of proof in order to withstand a demurrer. When a motion for judgment "is drafted so that the defendant cannot mistake the true nature of the claim, the trial court should overrule the demurrer." *CaterCorp, Inc. v. Catering Concepts, Inc.,* 246 Va. 22, 24 (1993).

I am of the opinion that as to the two fraud counts (actual fraud in Count II and constructive fraud in Count III), the Motion for Judgment clearly informs the Defendant of the true nature and character of the claims.

Paragraphs 47 through 51 specifically set forth the actual fraud claim in terms of the elements of such a claim as set forth in *Winn v. Aleda Const. Co.,* 227 Va. 304, 308 (1984). The false representations are clearly alleged, i.e. (1) that the Defendant had the capacity and intention to provide the software as ultimately specified in the Agreement between the parties and (2) that the Defendant could and would supply such software within 90 days of the execution of the Agreement. I feel that these representations fall under the type of actionable fraud based upon a promise made with no intent to perform as permitted in *Colonial Ford v. Schneider,* 228 Va. 671 (1985). I cannot find that the alleged misrepresentations are merely promises or statements as to future events or mere opinion.

Additionally, paragraphs 53 through 57 of the Motion for Judgment set forth a constructive fraud claim by stating the elements of such a claim as set forth in *Nationwide Ins. Co. v. Patterson,* 229 Va. 627, 629 (1985), based on the same two representations by the Defendant.

The Demurrer to each fraud count is overruled.

The Plaintiff labelled Count III as "(Constructive Fraud/Negligent Misrepresentation)." In argument, Mr. Duncan conceded that Virginia does not recognize a tort of negligent misrepresentation. I do not feel that it makes any difference because Count III states a claim based solely on constructive fraud.

### *Plea of Statute of Limitations*

For purposes of this ruling only, I will assume that a one-year statute of limitations applies to the Plaintiff's fraud claims. The Defendant argues that because the fraud had to have occurred before the Agreement was signed on October 29, 1993, and this suit was filed on January 25, 1995, the one-year statute of limitations bars the Plaintiff's claims.

Under § 8.01-249(1), a cause of action for fraud accrues when the fraud is discovered or by the exercise of due diligence reasonably should have been discovered. The allegations of the Motion for Judgment cannot, even by fair inference, support a factual conclusion that the Plaintiff discovered the fraud, or in the exercise of due diligence reasonably should have discovered the fraud, on or before January 25, 1994. Therefore, the Plea of the Statute of Limitations based upon the allegations of the Motion for Judgment is overruled.