## CIRCUIT COURT OF THE CITY OF NORFOLK

Conrado B. Dabu
and Nellie F. Dabu

v.

York Investment Co.

June 9, 2003

Case No. (Chancery) 02-1448

BY JUDGE JOHN C. MORRISON, JR.

The parties have agreed that each document in this case speaks for itself. Each party has submitted a final memorandum and requested that the Court decide this case on the basis of those memoranda, stipulations, and the relevant documents. The Court has examined the memoranda, stipulations, and documents and finds for Defendant York Investment Company.

Prior to May 14, 2002, Complainants Conrado B. Dabu and Nellie F. Dabu owned a commercial property located at 429 West York Street in the City of Norfolk. Stipulation of Facts ¶ 1. On May 8, 2000, the Dabus executed a commercial note in favor of Crestar Bank in the original principal amount of $425,000 ("Note"). *Id.* at ¶ 2, Ex. A. The Note included a provision that granted to Crestar Bank attorney's fees in the amount of 25% of the principal still due upon default. *Id.* at Ex. A, at 3. The provision provides that York receive "all expenses, including, without limitation, all court or collection costs, and attorneys' fees of 25% of the unpaid balance of this Note, or actual attorneys' fees if in excess of such amount, whether suit be brought or not, incurred in collecting this Note." *Id.* On the same day, they executed a Credit

Line Deed of Trust ("Deed of Trust") in favor of Crestar Bank to secure the Note. *Id.* ¶ 3, Ex. B.

On April 4, 2001, SunTrust Bank, formerly known as Crestar Bank, wrote to the Dabus advising them that the Note was past due. *Id.* at ¶ 4, Ex. C. On April 30, 2001, SunTrust Bank assigned the Note and the Deed of Trust to Defendant York Investment Company. *Id.* at ¶ 5. That same day, York wrote to the Dabus declaring that the Note was in default and further declaring that all sums were due under the Note. *Id.* ¶ 6, Ex. D. The Dabus never disputed that the Note was in default or that full payment was due. *Id.*

On May 1, 2001, Independent Trustees, Inc., substitute trustee under the Deed of Trust, sent a Notice of Substitute Trustee's Sale to the Dabus stating that it would offer the property for sale at public auction on May 18, 2001. *Id.* at ¶ 7, Ex. E. The Dabus contacted counsel, requesting information about the payoff amount required to avoid foreclosure. *Id.* at ¶ 8. York replied with a letter dated May 14, 2001, listing amounts due to avoid foreclosure. *Id.* at ¶ 8, Ex. F. The letter included at itemization of $57,090.99 in attorney's fees, which represents 25% of the unpaid principal balance as of May 14, 2001. *Id.* at ¶ 9, Ex. F. The Dabus objected to paying the $57,090.99 in attorney's fees and offered York $15,000 in compromise, which York did not accept. *Id.* at ¶ 10. On May 16, 2001, the Dabus remitted the amount of $294,974.19 to satisfy the note in full. *Id.* at ¶ 11. This payment included $57,090.99 in attorney's fees. *Id.* The Dabus reserved their right to have a court review the attorney's fees. *Id.* at ¶ 12, Ex. G. In fact, York incurred $5,166.25 in attorney's fees. *Id.* at Ex. H.

Complainants brought this action asking the Court to find that there is an ambiguity in the attorneys' fee provision of the note and that the "incurred" provision controls. Bill of Complaint ¶ 21a. They ask the Court to determine reasonable attorney's fees and enter judgment in the amount equal to $57,090.99 less the amount of attorney's fees reasonably incurred by Defendant. *Id.* at ¶ 21b & f. In the alternative, Complainants ask the Court to find that the amount of attorney's fees is unreasonable and unconscionable and to determine reasonable attorney's fees. *Id.* at ¶ 21d. Complainants also requests their costs and attorney's fees. *Id.* at ¶ 21f.

*Complainants Assert Provision is Ambiguous*

Complainants assert that the attorneys' fees provision in this case is ambiguous. They state that phrase including the word "incurred" controls and

that Defendant can only collect attorneys' fees that it actually incurs in the collection of the Note. Complainant's Memo. of Law, at 2. "An ambiguity exists when language admits of being understood in more than one way or refers to two or more things at the same time." *Douglas v. Hammett*, 28 Va. App. 517, 523, 507 S.E.2d 98, 101 (1998). There is not an ambiguity simply because parties interpret contract language differently. *Id.* "It is a well-established principle that, when a contract is clear and unambiguous, it is the duty of the court, and not the jury, to decide its meaning." *Winn v. Aleda Constr. Co.*, 227 Va. 304, 307, 315 S.E.2d 193, 194 (1984). A court will give words their normal, ordinary, and popular meaning. *Id.* "No word or clause will be treated as meaningless if a reasonable meaning can be given to it, and there is a presumption that the parties have not used words aimlessly." *Id.* at 307, 315 S.E.2d at 195. If there is an ambiguity, the contract will be interpreted more strictly against the party who prepared it. *Id.*

The provision at issue states, in part, "the undersigned agreed to pay the following, (1) all expenses, including, without limitation, all court or collection costs, and attorneys' fees of 25% of the unpaid balance of this Note, or actual attorneys' fees if in excess of such amount, whether suit be brought or not, incurred in collecting this Note." Stipulation of Facts Ex. A, at 3. The provision is written in disjunctive form, requiring Complainants to pay attorneys' fees in the amount of 25% of the unpaid balance *or*, if Defendant *incurs* attorneys' fees in excess of 25% of the unpaid balance, then Complainant must pay Defendant the amount *incurred*. It is clear that "incurred" applies only if attorneys' fees are in excess of 25% of the unpaid balance. In this case, the 25% provision controls.

*Complainants Assert Fees Are*
*Unreasonable and Unconscionable*

While the jurisdiction undoubtedly exists in the courts to avoid a contract on the ground that it makes an unconscionable bargain, nevertheless an inequitable and unconscionable bargain has been defined to be "one that no man in his senses and not under a delusion would make, on the one hand, and as no fair man would accept, on the other." The inequality must be so gross as to shock the conscience.

*Smyth Bros.-McCleary-McClellan Co. v. Beresford*, 128 Va. 137, 170, 104 S.E. 371, 382 (1920). "If inadequacy of price or inequality in value are the only indicia of unconscionability, the case must be extreme to justify equitable relief." *Derby v. Derby*, 8 Va. App. 19, 28, 378 S.E.2d 74, 79 (1989).

It is well-settled law in Virginia that a provision in a contract for attorneys' fees is valid, "subject always to the power of the court if the fee be unreasonable in amount or unconscionable, to reduce it." *Triplett v. Second Nat'l Bank of Culpeper*, 121 Va. 189, 193, 92 S.E. 897, 898 (1917). The burden is on Complainants to show that the fee agreed upon in the Note is excessive, unreasonable, or unconscionable. *Conway v. American Nat'l Bank of Danville*, 146 Va. 357, 365, 131 S.E. 803, 805 (1926). The Supreme Court of Virginia has upheld an attorneys' fee provision of 25% of the unpaid balance of a note. *Mahoney v. NationsBank of Va.*, 249 Va. 216, 222-23, 455 S.E.2d 5, 12 (1995). However, in *Mahoney*, the Court did not discuss the reasonableness of the fee or whether it was unconscionable. In *University of Richmond v. Stone*, 148 Va. 686, 139 S.E. 257 (1927), the Supreme Court allowed a provision for 10% of the unpaid balance of a note, but the question was whether unpaid attorneys' fees created a valid lien, not the validity of the provision itself.

Complainants argue that $57,090.99 is unreasonable and unconscionable. In this case, Defendant only incurred $5,166.25 in actual attorneys' fees. Complainant claims that Defendant purchased the Note with the sole purpose of accelerating the balance and foreclosing on the Deed of trust. Complainant's Memo. of Law, at 5. Defendant was paid two weeks later. Complainants assert that $57,090.99 in attorneys' fees constitutes an impermissible penalty against them. *Id.* Complainants claim that $5,166.25 is the reasonable amount of attorneys' fees that should be granted in this case and request that the Court enter judgment in their favor in the amount of $51,924.74. After an examination of the documents, the arguments of the parties, and the stipulated facts, the Court finds that Complainants have not met their burden. The attorneys' fees are not unreasonable or unconscionable. Therefore, the Court finds for the Defendant.