## CIRCUIT COURT OF FAIRFAX COUNTY

HJK, L.P.

v.

Cohen Management Group et al.

April 21, 2011

Case No. CL-2010-7413

By Judge Bruce D. White

This matter came before the Court for trial on March 30, 2011. Plaintiff, HJK, Limited Partnership, presented its evidence, and Defendants, Charles Kim and Chung Kim, rested their case without presenting any evidence. The facts in the case are, therefore, uncontested, but the governing legal principles and the application of the law to this set of circumstances are contested. At the conclusion of the evidence and legal argument, the Court took the mater under advisement. The issue before the Court is whether the assignment of a lease, in which the assignor agrees to remain jointly and severally liable for the obligations under the lease, makes the assignor a surety such that a material modification of the lease releases the assignor from liability or whether the assignor is simply jointly and severally liable under the agreement.

### Background

On July 14, 2000, Plaintiff lessor entered a commercial lease with Sangkhom K. Chanthavisouk and Vena E. Zier. In August 2004, Plaintiff consented to an assignment of the lease to the Defendants, and all parties signed the First Amendment. The First Amendment included the following language in Paragraph 2:

> The foregoing notwithstanding, the assignment to Assignees shall not relieve Assignors of liability for compliance with all terms, whether past, present, or future during the Lease Term,

and the liability of Assignors and Assignees therefor shall be and remain joint and several. Notwithstanding anything to the contrary in the foregoing, the liability of the Assignors for the Lease obligations shall continue during the remaining Lease Term and through the Extended Term (as such term is hereinafter defined), i.e., through July 31, 2010, but Assignors shall not be liable for the Lease obligations accruing during the Renewal Term (as such term is hereinafter defined), if exercised by Assignees.

The subsequent paragraph further stated that the Landlord consented to the assignment "upon the express understanding and condition that Assignors shall be and remain jointly and severally liable with Assignees for all of the obligations of the Tenant under the lease." (First Amendment ¶ 3.)

Defendants exercised a renewal option in the lease, which extended the lease term until July 31, 2010. Then in September 2005, Defendants assigned the lease to Namhee Kim, Terry Kim, and Triple JJ, Inc. ("Second Amendment"), and these parties signed the amendment. The Second Amendment contained similar language to that in the First Amendment. Paragraph 2 stated (differences from the First Amendment italicized):

The foregoing notwithstanding, the assignment to Assignees shall not relieve *Sangkhom K. Chanthavisouk and Vena E. Zier, jointly and severally (hereinafter collectively referred to as "Prior Assignors") or the* Assignors of liability for compliance with all terms, whether past, present, or future during the Lease Term, and the liability of the *Prior Assignors,* Assignors, and Assignees therefor shall be and remain joint and several. Notwithstanding anything to the contrary in the foregoing, the liability of the *Prior Assignors and the* Assignors for the Lease obligations shall continue during the remaining Lease Term and through the Extended Term (as such term is hereinafter defined), i.e., through July 31, 2010, but *Prior Assignors and* Assignors shall not be liable for the Lease obligations accruing during the Renewal Term (as such term is hereinafter defined), if exercised by Assignees.

The subsequent paragraph again stated that the Landlord consented to the assignment "upon the express understanding and condition that Assignors shall be and remain jointly and severally liable with Assignees for all of the obligations of the Tenant under the lease." (Second Amendment ¶ 3.) Lastly, the Second Amendment contained the following provision in Paragraph 9:

Prior Assignors and Assignors agree that Landlord and Assignees may change, modify, alter, or amend the Lease and that further assignments or sublettings may be made without the consent of Prior Assignors or Assignors, and such changes, modifications, alterations, amendments, or further assignments or sublettings shall not in any manner release or relieve Prior Assignors or Assignors from liability under the Lease for compliance by Tenant with the terms, covenants, obligations, and conditions of the Lease, and Prior Assignors and Assignors are and shall remain liable for compliance therewith throughout the Lease Term, including the Extended Term (but not the Renewal Term, if exercised).

This additional clause allowed for changes to the lease to be made without the consent of all the assignors, while making it clear that assignors remained liable.

Thus, both amendments the Defendants signed contained language that made all prior assignors jointly and severally liable under the amendments. It is also relevant that each amendment confirms that assignors remain jointly and severally liable.

In April 2007, the lease was again assigned to David Cohen and the Cohen Management Group, L.L.C. ("Third Amendment"). In this final assignment, new terms were added including two new five-year renewal options, which extended the duration of the lease until the year 2020. These assignees defaulted in January 2009, and Plaintiffs seek to recover amounts owed under the lease through July 31, 2010. (Def.'s Trial Mem. 4; Pls.' Mem. of Law 1.)

*Arguments*

The Defendants argue that, by operation of law, the assignment made Defendants sureties, and that as compensated sureties, the Defendants' obligation was discharged by a material change in the terms of the agreement. Defendants contend that, when the Third Amendment was executed and the lease was extended to 2020, there was a material change in the terms of the agreement, which discharged the Defendant's liability as assignors.

Plaintiff responds that the agreements between the parties and the terms of these agreements control the relationships between the parties. Thus, Plaintiff argues that, pursuant to the terms of the agreement, Defendants were jointly and severally liable until the expiration of the term on July 31, 2010.

## Analysis

The Virginia Supreme Court has long stated that "[t]he contracts which men make constitute the law which governs them, unless the contract be one which the law prohibits, or which is held to be violative of some public policy." *Mercer v. South Atl. Life Ins.*, 111 Va. 699, 702, 69 S.E. 961, 962 (1911), *see also D. C. McClain, Inc. v. Arlington County*, 249 Va. 131, 135, 452 S.E.2d 659, 662 (1995); *Winn v. Aleda Constr. Co.*, 227 Va. 304, 307, 315 S.E.2d 193, 194 (1984). "When a contract is clear and unambiguous, it is the duty of the court, and not the jury, to decide its meaning." *Winn*, 227 Va. at 307, 315 S.E.2d at 194 (citations omitted). Thus, if the contract is clear and unambiguous and if the contract is not prohibited by law or violative of public policy, the court must enforce the contract. *See D. C. McClain*, 249 Va. at 135, 452 S.E.2d at 662.

In the case at bar, neither party contends that the lease at issue is prohibited by law or violates public policy. The issue surrounds the language of the lease and its meaning. The language of the lease is clear and unambiguous on its face, and the Court must determine its meaning.

First, the Defendants agreed to the assignment language in two different lease amendments. Under the First Amendment, Defendants were the assignees, and the First Amendment contained language making the assignors jointly and severally liable under the lease. The First Amendment also stated that the assignment was conditioned upon the assignors' being jointly and severally liable for the obligations under the lease.

Then, just over a year later, Defendants again agreed to nearly identical language in the Second Amendment in which the Defendants were the assignors, and the Defendants agreed to be jointly and severally liable for the obligations of the lease. The Second Amendment added language to make it clear that prior assignors remained jointly and severally liable under the lease. As with the First Amendment, the Second Amendment was conditioned upon the assignors' remaining jointly and severally liable for the obligations under the lease. Lastly, the Second Amendment added a paragraph making Defendants liable even if the terms of the lease were changed. Thus, Defendants agreed to remain jointly and severally liable as assignors for the liabilities under the lease, and the language of the Second Amendment clearly intended for Defendants to be jointly and severally liable under the terms of the lease. Further, the amendments show no intent for Defendants to become sureties, and the facts only show an intent for Defendants to be jointly and severally liable.

Therefore, based on the clear and unambiguous meaning of the Second Amendment signed by Defendants, the Court finds that the

Defendants are jointly and severally liable for the obligations of the lease. Further, the Court finds that the agreement between the parties constitutes the law governing them, and the Court does not find that the Defendants were sureties as Defendants argue.

Defendants contend that, under Virginia law, the Second Amendment made the Defendants sureties, and when the lease was later modified by a Third Amendment, the Defendants were discharged from liability. Defendants rely heavily upon a case from the United States District Court for the Eastern District of Virginia, *The Corner Associates v. W. R. Grace & Co.*, 988 F. Supp. 970 (E.D. Va. 1997) (Brinkema, J.). In *Corner*, a commercial lease at a shopping center was assigned. 988 F. Supp. at 971. The assignment stated that the assignor would remain liable under the lease, and the assignment clause stated that the lease could be assigned "provided that Tenant shall give to Landlord due written notice and provided that such assignee shall assume this lease in writing and will fully and punctually perform, observe, and adhere to all the covenants and conditions contained in this Lease specifically including Article 5 [Use of Premises], and *further provided that Tenant shall remain liable under this Lease.*" *Id.* at 972, n. 1. Thus, the contract did not contain clear language as to the capacity in which the assignor (tenant) remained liable upon assignment. *See id.* Thus, the District Court held that the assignment made the assignor a surety. *Id.* at 974.

Plaintiff, however, points to contrary persuasive authority from the Loudoun County Circuit Court case *Prologis Trust v. DuPont Commercial Flooring Systems, Inc.*, 63 Va. Cir. 347 (2003) (Chamblin, J.). In *Prologis*, a commercial lease was assigned, but the Court determined that the agreement between the parties, as contained in the lease and the assignment agreement, should dictate the parties' liabilities. 63 Va. Cir. at 347, 350. The lease stated that, regardless of any assignment, the tenant remained fully liable for payment of the rent and compliance with the lease's obligations. *Id.* at 350. Further, the assignment agreement stated that the assignor would "continue at all times to be and remain liable to Landlord under the Lease for the timely payment of all Rent," and assignor's obligations under the lease would "remain in full force and effect" and "not be affected or impaired by any bankruptcy, insolvency, reorganization, or similar proceeding involving or affecting Assignee." *Id.* at 351. The court found that this language made it clear that the assignor "remained fully liable for the payment of rent and for compliance with all the tenant's obligations under the Lease." *Id.*

The *Corner* and *Prologis* courts both recognized that whether the assignment of a lease makes the assignor a surety is an undecided issue in Virginia and that there is a conflict of authority throughout the United States on the issue. *Corner*, 988 F. Supp. at 974; *Prologis*, 63 Va. Cir. at 349. The Defendants have not cited any binding authority in support of

their position, and this Court finds the *Corner* case factually distinguishable and *Prologis* persuasive.

In *Corner*, the liability language was not clear as to the type of liability created under the lease and simply said the assignor shall remain liable under the lease. *See Corner*, 988 F. Supp. at 972, n. 1. In contrast, the assignor in *Prologis* clearly agreed, in both the lease and assignment agreement, that the assignor remained liable for the rent and the lease's obligations. *Prologis*, 63 Va. Cir. at 350-51. In the case at bar, Defendants agreed to the assignment terms in two different amendments, and the Second Amendment stated multiple times that Defendants were jointly and severally liable under the lease. Because the Second Amendment's clear and unambiguous language makes the Defendants jointly and severally liable for the obligations under the lease, the language of the parties' agreement controls, and the Court finds in favor of the Plaintiff.

Pursuant to the terms of the Second Amendment, the Court finds that Defendants are jointly and severally liable under the lease.