## CIRCUIT COURT OF HANOVER COUNTY

Thomlyn, L.L.C.

v.

Holladay Property
Services Midwest, Inc.,
John T. Phair,
and Austin B. Haynes, Jr.

May 22, 2015

Case No. CL15000067-00

BY JUDGE J. OVERTON HARRIS

This matter is before the Court upon Defendants' Motion Craving Oyer, Defendants' Demurrer, and Defendants' Plea in Bar. At the hearing on April 21, 2015, the Court granted the Motion Craving Oyer. At the same hearing, the Court heard argument on the demurrer and the Plea in Bar and took the matters under advisement. Following a thorough review of the transcript, the pleadings, and the applicable law, the Court finds as follows.

### I. *Standard of Review*

A demurrer may be employed to strike a pleading that does not state a cause of action or fails to state facts upon which relief may be granted. Virginia Code § 8.01-273. A demurrer admits the factual pleadings to be true, and accepts any reasonable factual inferences fairly and justly drawn from them. *Fox v. Custis*, 236 Va. 69, 71 (1988). "A court may examine not only the substantive allegations of the pleading attached, but also any accompanying exhibit mentioned in the pleading." *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24 (1993).

The demurrer does not, however, admit the correctness of the pleading's conclusions of law. *Fox*, 236 Va. at 69. Upon examination and consideration of the exhibits, the Court "may ignore a party's factual allegations contradicted by the terms of authentic, unambiguous documents that

properly are a part of the pleadings." *Ward's Equip., Inc. v. New Holland N. Am.*, 254 Va. 379, 382 (1997); *see Dodge v. Randolph-Macon Women's College*, 276 Va. 1, 5 (2008).

## II. *Applicable Law and Analysis*

The elements of a cause of action for actual fraud are: (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled. *Spence v. Griffin*, 236 Va. 21, 28 (1988) (quoting *Winn v. Aleda Const. Co.*, 227 Va. 304, 308 (1984)). The elements of a cause of action for constructive fraud are a showing by clear and convincing evidence that a false representation of a material fact was made innocently or negligently, and the injured party was damaged as a result of his reliance upon the misrepresentation. *State Farm Mut. Auto. Ins. Co. v. Remley*, 270 Va. 209, 220 (2005).

In the context of a contract for the purchase of real estate, the law requires the purchaser to "discover for himself the true condition of the premises if he has information which would excite the suspicions of a reasonably prudent person." *Armentrout v. French*, 220 Va. 458, 466 (1979). However, an "important exception to that rule is that the seller must not say or do anything to throw the purchaser off his guard or to divert him from making the inquiries and examination which a prudent man ought to make," which is commonly referred to as the diversion exception. *Id.*

Assuming the factual allegations of the Complaint to be true and accepting any and all reasonable factual inferences fairly and justly drawn from them, the Court finds the Plaintiff has pleaded sufficient facts to state a proper cause of action for both counts of the Complaint. Relying on the diversion theory of proof, the Court finds that Plaintiff's Complaint contained sufficient factual allegations of both actual and constructive fraud in the inducement of the performance of the contract.

Specifically, the Court finds the Complaint adequately states that Defendants fraudulently induced Plaintiff to perform the real estate purchase agreement by false representations (done so intentionally, negligently, or innocently) regarding the nature and amount of real estate taxes and special assessments. *See* Complaint ¶¶ 58, 65. As alleged in the Complaint, those false representations were material to Plaintiff's decision to perform the real estate purchase contract. Complaint ¶¶ 60, 63. Finally, the Complaint alleges that Plaintiff reasonably and justifiably relied upon such representations and omissions and suffered damages and losses as a direct and proximate result. Complaint ¶¶ 59, 63, 67, 69. These allegations, if true, are sufficient to state a cause of action under either Count 1 or Count 2 of the Complaint upon which relief can be granted by this Court.

### III. *Defendants' Arguments*

Defendants first argue that Plaintiff has sued the wrong parties. The Court rejects that argument. The Court finds that Plaintiff's Complaint alleges sufficient facts that, if true, demonstrate that all three Defendants named in the Complaint made false representations to the Plaintiff, both in their individual capacity and acting as agents of Defendant Holladay Property Services. *See* Complaint ¶¶ 6, 16, 22, 34, 43, and 46. Therefore, the Court disagrees with Defendants' argument that the Plaintiff sued improper parties.

Defendants' second argument states that Plaintiff cannot claim it relied on such representations for two reasons: (1) the real estate contract and the deed disclose all facts about which the Plaintiff now complains and (2) Plaintiff undertook its own due diligence and inquiry into such facts. The Court disagrees, and finds instead that the facts alleged fall within the well-established diversion exception doctrine. In support, the Court notes that Plaintiff did allege that the Defendants said or did something to throw the Plaintiff off its guard or to divert it from making the inquiries and examination which a prudent purchaser ought to make. *Armentrout*, 220 Va. at 466. *See* Plaintiff's Complaint at ¶ 16 ("diverted Thomlyn's attention"), ¶ 38 (Defendants tried to divert and trivialize a matter), and ¶ 43 ("in order to completely allay Thomlyn's concerns and divert Thomlyn's attention from the special assessment"). For that reason, the Court rejects Defendant's arguments that Plaintiff failed to plead the reliance element of both counts of fraud in the inducement.

Defendants also argue that the "as is" language and the integration clause of the real estate purchase contract absolve them of any alleged wrongdoing. The Court finds this position to be contrary to Virginia law. The Supreme Court of Virginia has stated in numerous cases that "one cannot, by fraud and deceit, induce another to enter into a contract to his disadvantage, [and] then escape liability by saying that the party to whom the misrepresentation was made was negligent in failing to learn the truth." *Nationwide Ins. Co. v. Patterson*, 229 Va. 627, 631 (1985). In addition, "[t]he doctrine of *caveat emptor* affords no protection to a seller who makes false representations of a material fact, constituting an inducement to the contract, on which the buyer had a right to rely." *Watson v. Avon Street Center*, 226 Va. 614, 618 (1984). Because Plaintiff has alleged that Defendants fraudulently induced Plaintiff into performance of the contract, the Defendants cannot use the language of the contract as a shield from liability.

Defendants' third argument is that the allegations in the Complaint relate to statements of opinion or to future events. The Court does not agree with Defendants' claim. First, Paragraph 43 of the Complaint states that Defendant Phair represented to Plaintiff, at a meeting on December 5, 2012, that the increase in 2012 real estate taxes was "an aberration," a "blip" that would not repeat. The Court finds that this first half of the allegation clearly

contains a factual characterization of a past event, that the increase in taxes in 2012 was an aberration. For the remaining alleged statements, the Court cannot conclude as a matter of law whether such statements constitute past facts or opinions regarding future events. For those reasons, the Court rejects Defendants' third argument.

Finally, the Defendants' argue that the Plaintiff's remedies are limited to a cause of action in contract due to Virginia's adherence to the Economic Loss Rule. They argue that when a plaintiff claims money damages and economic loss and there is a contract in place, that plaintiff cannot sue in tort. The Court has reviewed the applicable law and has determined that Defendants' argument is without merit. In Virginia, "an action for fraudulent inducement need not ... be limited to formation of the contract. Although formation was free of fraud, performance of an executory contract may be fraudulently induced." *Ware v. Scott*, 220 Va. 317, 320 (1979). That statement of the law applies directly to this case.

Plaintiff has not alleged that the Defendants' breached any duties arising from the real estate purchase contract. Instead, Plaintiff has alleged that the Defendants fraudulently induced Plaintiff to perform the real estate purchase agreement by false representations regarding the nature and amount of real estate taxes and special assessments. Therefore, the Court must reject Defendants' final argument, because the Supreme Court of Virginia does recognize the causes of action sounding in tort alleged in the Complaint.

## IV. *Conclusion*

For the reasons articulated in this letter opinion, the Court overrules both the Defendants' Demurrer and Defendants' Plea in Bar. For the reasons articulated at the April 21, 2015, hearing, the Court grants Defendants' Motion Craving Oyer.