Bobby G. AUSTELL, S. Harold Austell, Thomas B. Austell, Doris N. Austell, Norman D. Blair, Daniel A. Blair, Leon I. Chidester, Jr., Shelby M. Freeman, Roger B. Kerns, E. H. Lowder & Sons, Inc., James D. McDuffie, Mary A. Moss, John B. Pierce, Norma C. Pierce, Arnold W. Smith, Dollie C. Smith, H. Kent Sowers, William L. Sowers, Ray L. White, Lela F. White, and Joseph M. Wright, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

O. Bruton SMITH, Lone Star Ford, Inc., Charles A. West, Charlotte Motor Speedway, Inc. (the successor corporation), H. A. Wheeler, Jr., T. E. Efird, Edwin D. Griffith, and Ivan Tufty, Defendants,

v.

CHARLOTTE MOTOR SPEEDWAY, INC. (the merged corporation, Nominal Defendant and Beneficially Interested Party).

No. C–C–85–689–P.

United States District Court, W.D. North Carolina, Charlotte Division.

Oct. 23, 1986.

A. Ward McKeithen, Dan T. Coenen, David C. Wright, III, Robinson, Bradshaw & Hinson, Douglas A. Brackett, R. Craig Miller, Jr., Dozier, Brackett, Miller, Pollard & Murphy, Charlotte, N.C., for plaintiffs.

William E. Poe, Fred T. Lowrance, David N. Allen, Parker, Poe, Thompson, Bernstein, Gage & Preston, Charlotte, N.C., for defendants.

H. Morris Caddell, Jr., Bailey, Patterson, Caddell & Bailey, Charlotte, N.C., for Charlotte Motor Speedway (the merged Corp.).

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on the Motions of Plaintiffs to Compel Discovery.

After considering the briefs of the parties and listening to the arguments of counsel, the Court is of the opinion that the Defendants have not met their obligations with respect to the discovery process.

On December 31, 1985, Plaintiffs served upon Defendants their First Request for Production of Documents, a request for eighty-one categories of documents. On January 22, 1986, Plaintiffs served their First Set of Interrogatories upon Defendants. Defendants responded to the Plaintiffs' discovery attempts by objecting to every one of the document requests and interrogatories. Initially, Defendants agreed to produce only five documents: the Charter and By-Laws of Charlotte Motor Speedway, Inc. ("Speedway"), the proxy statement and tender offer statement previously distributed to the Plaintiffs, and an insurance policy.

By Order of the Court entered May 6, 1986, 634 F.Supp. 326, counsel for the parties were ordered to meet to resolve their dispute concerning the proper scope of the Plaintiffs' First Request for Production of Documents and First Set of Interrogatories. Counsel met on May 20, 23, and July 3, 1986 to discuss the discovery problems. In July and August, Defendants produced some documents, but continued to object to numerous document requests and interrogatories.

On August 13, 1986, Plaintiffs served their Second Request for Production of Documents upon Defendants, a request for six categories of documents. Again, Defendants objected to each and every document request.

Fed.R.Civ.P. 26(b)(1) defines the scope of discovery:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. . . . It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The Supreme Court has emphasized that "the deposition-discovery rules are to be accorded a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 391, 91 L.Ed. 451 (1947). Thus, the cries of "fishing expedition" by Defendants in this case will not be honored by this Court.

Subject to certain limitations which will be set out below, the Court is of the opinion that Plaintiffs are entitled to get what they asked for.

Defendants should be aware of how the Court expects them to handle the discovery process. Defendants should identify with respect to each specific document request whether all, some, or none of the requested documents have been produced. If no such documents ever existed, say so. If such documents have been disposed of, state by who, when, and under what circumstances. If documents are being withheld, state with specificity the reason and identify the document by date, author, subject matter, and location kept. Furthermore, the discovery requests have been directed to all Defendants. Each and every Defendant is to answer each and every discovery request. If one Defendant has a copy of a document that is exactly the same as a document already furnished to the Plaintiffs by another Defendant, such Defendant need not produce such document but *shall* state that

he has such document, and in so doing, *shall* identify the document by date, author, subject matter, and location kept.

By Order of the Court dated May 6, 1986 "discovery requests should be limited to matters occurring between 1974 and the present." All discovery is, of course, still subject to this limitation.

## PLAINTIFFS' DOCUMENT REQUESTS INCORPORATING PLAINTIFFS' REDRAFTED REQUESTS

(1) Relevant and should be produced.

(2) Relevant and should be produced.

(3) Relevant and should be produced.

(4) Relevant and should be produced, except that the financial reports of Lone Star are relevant only to the extent that they refer in any way to the Speedway. Lone Star's present financial status may be discovered for purposes of the punitive damages claim.

(5) Relevant and should be produced.

(6) Relevant and should be produced, except that the correspondence concerning Lone Star is relevant only to the extent that it refers in any way to the Speedway.

(7) Relevant and should be produced.

(8) Relevant and should be produced.

(9) Relevant and should be produced, except that the stock transfer books of Lone Star are relevant only to the extent that they refer in any way to the Speedway.

(10) Relevant and should be produced.

(11) Relevant and should be produced.

(12) Relevant and should be produced, except that, as to Lone Star, they are relevant only to the extent they refer in any way to the Speedway.

(13) Relevant and should be produced.

(14) Relevant and should be produced, except that, as to West, Smith, and Lone Star, they are relevant only to the extent they refer in any way to the Speedway.

(15) Relevant and should be produced.

(16) Relevant and should be produced to the extent they refer in any way to the Speedway.

(17) Relevant and should be produced subject to the time limitation in the Order of May 6, 1986.

(18) Relevant and should be produced.

(19) Relevant and should be produced.

(20) Relevant and should be produced.

(21) Relevant and should be produced.

(22) Relevant and should be produced.

(23) Relevant and should be produced.

(24) Relevant and should be produced.

(25) Relevant and should be produced.

(26) Relevant and should be produced.

(27) Relevant and should be produced.

(28) Relevant and should be produced.

(29) Relevant and should be produced subject to the time limitation in the Order of May 6, 1986.

(30) Relevant and should be produced.

(31) Relevant and should be produced.

(32) Relevant and should be produced.

(33) Relevant and should be produced.

(34) Relevant and should be produced.

(35) Relevant and should be produced.

(36) Relevant and should be produced.

(37) Relevant and should be produced.

(38) Relevant and should be produced.

(39) Relevant and should be produced subject to the time limitation in the Order of May 6, 1986.

(40) Relevant and should be produced.

(41) Relevant and should be produced.

(42) Relevant and should be produced.

(43) Relevant and should be produced.

(44) Relevant and should be produced.

(45) Relevant and should be produced, except that the documents concerning Smith or Lone Star are relevant only to the extent that they refer in any way to the Speedway. Smith's or Lone Star's present financial status may be discovered for purposes of the punitive damages claim.

(46) Relevant and should be produced.

(47) Relevant and should be produced.

(48) Relevant and should be produced.

(49) Relevant and should be produced.

(50) Relevant and should be produced.

(51) Relevant and should be produced.

(52) Relevant and should be produced, except that the "financial statements of or about West" are relevant only to the extent that they refer in any way to the Speedway. West's present financial status may be discovered for purposes of the punitive damages claim.

(53) Relevant and should be produced subject to the time limitations in the Order of May 6, 1986, except that the financial reports of the Defendants other than the Speedway are relevant only to the extent that they refer in any way to the Speedway. These Defendants' present financial statuses may be discovered for purposes of the punitive damages claim.

(54) Relevant and should be produced.

(55) Relevant and should be produced.

(56) Relevant and should be produced.

(57) Relevant and should be produced.

(58) Relevant and should be produced.

(59) Relevant and should be produced subject to the time limitation in the Order of May 6, 1986.

(60) Outside the time limitation in the Order of May 6, 1986.

(61) Relevant and should be produced.

(62) Relevant and should be produced.

(63) Relevant and should be produced.

(64) Relevant and should be produced.

(65) Relevant and should be produced to the extent that these documents refer in any way to the Speedway.

(66) Relevant and should be produced.

(67) Relevant and should be produced.

(68) Relevant and should be produced.

(69) Relevant and should be produced.

(70) Relevant and should be produced.

(71) Relevant and should be produced.

(72) Relevant and should be produced.

(73) Relevant and should be produced.

(74) Relevant and should be produced.

(75) Relevant and should be produced.

(76) Relevant and should be produced.

(77) Relevant and should be produced subject to the time limitation in the Order of May 6, 1986.

(78) Relevant and should be produced.

(79) Relevant and should be produced.

(80) Relevant and should be produced to the extent that these documents refer in any way to the Speedway.

(81) Relevant and should be produced to the extent that these documents refer in any way to the Speedway.

(82) Relevant and should be produced to the extent that such capital stock, capital assets, companies or business investments are similar in some way to that of the Speedway.

(83) Relevant and should be produced to the extent that such capital stock, capital assets, companies or business investments are similar in some way to that of the Speedway.

(84) Relevant and should be produced.

(85) Relevant and should be produced to the extent that these documents refer to federal securities laws at issue in this case.

(86) Relevant and should be produced.

(87) Relevant and should be produced.

## PLAINTIFFS' INTERROGATORIES

According to paragraph fourteen of the Court's Pretrial Order, "[n]o party shall serve on any other party more than *TWENTY INTERROGATORIES* (including subparagraphs) unless leave is obtained to propound more." The Court, therefore, will rule on the first twenty of the Plaintiffs' Interrogatories, and the Defendants will not be required to answer the rest at this time. The Defendants should note that whenever they refer to any document in answering an interrogatory, Defendants should specify such document by date, author, subject matter, and location kept.

(1) Relevant and should be answered.

(2) Relevant and should be answered.

(3) Relevant and should be answered.

(4a) Relevant and should be answered.

(4b) Relevant and should be answered.

(4c) Relevant and should be answered.

(4d) Relevant and should be answered.

(4e) Relevant and should be answered.

(4f) Relevant and should be answered.

(4g) Relevant and should be answered.

(4h) Relevant and should be answered.

(4i) Relevant and should be answered.

(4j) Relevant and should be answered.

(4k) Relevant and should be answered.

(4l) Relevant and should be answered.

(4m) Relevant and should be answered.

(5) Relevant and should be answered.

(6) Relevant and should be answered.

(7) Relevant and should be answered.

(8) Relevant and should be answered.

### THIRD PARTY DOCUMENTS

Plaintiffs have subpoenaed documents from the following third parties: NCNB National Bank of North Carolina ("NCNB"), Price Waterhouse, and Interstate Securities Corporation ("Interstate").

Certain of the Defendants sought a Protective Order quashing the subpoena duces tecum issued to NCNB to the extent it required NCNB to produce the following documents: (1) Smith's personal financial statements; (2) documents that state Smith's net worth; (3) documents held by NCNB in files other than its Speedway files that do not concern loans to the Speedway, loans to finance purchases of Speedway stock, or loans for which Speedway shares were pledged as collateral; (4) documents dated after September 26, 1985, the date of the merger that is the subject of this lawsuit; (5) a document entitled "Related Accounts"; and (6) certain hand-written notes concerning, among other things, the profits and losses of Lone Star.

By Order of the Court dated August 21, 1986, the Court allowed the Plaintiffs to discover the following documents pursuant to their subpoena duces tecum: the October 1985 financial statement of the Speedway; any financial information concerning the Speedway then possessed by NCNB; and, any documents described in the subpoena to which the Defendants had not then objected. The Court is now of the opinion that Plaintiffs may discover Smith's present financial status for the purposes of the punitive damages claim, documents prepared after the merger of September 25, 1985 to the extent that they refer in any way to the Speedway, and notes concerning the profits and losses of Lone Star to the extent they refer in any way to the Speedway. The document entitled "Related Accounts" should be produced *in camera* for the Court's inspection.

All Price Waterhouse documents requested by the Plaintiffs, including those objected to as post merger documents, should be produced pursuant to the Protective Order agreed to by the parties and filed on October 16, 1986.

The following three Interstate documents have been withheld from production: (1) a letter from Interstate to Smith, (2) handwritten notes taken by Interstate personnel of conversations with Smith's counsel; and (3) handwritten notes made by Interstate's in-house counsel. These documents should be produced *in camera* for the Court's inspection.

The Court realizes that much of the information that will be produced in this case may be of a sensitive and confidential nature, and, therefore, is prepared to entertain such motions for protective orders as each party deems appropriate.

Defendants will have until 5:00 p.m. on Friday, November 21, 1986 to respond to the discovery requests already propounded by the Plaintiffs. If the Defendants do not fully and fairly comply with these discovery requests, sanctions will issue.