**VANGUARD MILITARY EQUIPMENT CORPORATION, Plaintiff,**

v.

**DAVID B. FINESTONE COMPANY, INC., Defendant.**

**Civil Action No. 2:97cv459.**

United States District Court, E.D. Virginia, Norfolk Division.

Sept. 19, 1997.

---

Eric W. Schwartz, Mays & Valentine, Norfolk, VA, for Plaintiff.

William F. Devine, Hofheimer, Nusbaum, McPhaul & Samuels, P.C., Norfolk, VA, for Defendant.

## MEMORANDUM AND ORDER

CLARKE, District Judge.

This matter is before the Court on plaintiff, Vanguard Military Equipment Corporation's (Vanguard), Objections to Magistrate Judge's Report and Recommendation.

### I.

Defendant, David B. Finestone Company, Inc. (Finestone) filed a Motion to Dismiss Counts II through IV of Vanguard's Complaint. By Order entered July 21, 1997, Senior United States District Judge John A. MacKenzie designated United States Magistrate Judge William T. Prince to conduct a hearing and submit to the Court proposed recommendations for disposition of Finestone's motion. This Court is in receipt of Magistrate Judge Prince's Report and Recommendation filed July 31, 1997. The Report and Recommendation thoroughly discusses the facts, claims, and procedural posture of this case.

After careful analysis, Magistrate Judge Prince recommends that Finestone's Motion to Dismiss, based on Federal Rule of Civil Procedure 12(b)(6), be granted for Claim III (breach of fiduciary duty) and Claim IV (conversion). Furthermore, Magistrate Judge Prince recommends that Claim II (fraud) be dismissed under Federal Rule of Civil Procedure 9(b) because it is pled with insufficient particularity. Lastly, Magistrate Judge Prince recommends that Vanguard be grant-

ed leave to amend Count II "within fourteen (14) days of the date of [his] Report and Recommendation." Mag. J. Report and Recommendation 12 (July 31, 1997).

Vanguard timely filed Objections to Magistrate Judge's Report and Recommendation. Vanguard's only objection is that Claim III was wrongly dismissed. Vanguard claims that, in conjunction with its Count I breach of contract claim, it may also bring a breach of fiduciary duty tort claim based on the parties' agency relationship.

The Court has thoroughly reviewed de *novo* the pleadings and motions in this matter as well as the Magistrate Judge's Report and Recommendation. The Court agrees with the conclusions contained in Magistrate Judge Prince's Report and Recommendation and adopts the Report and Recommendation entirely.

Vanguard's objection that its tort claim based on the parties' agency relationship is separate from its contractual claim does not survive scrutiny under the controlling Virginia authorities. A controlling Virginia Supreme Court case cites the following principles:

> If the cause of complaint be for an act of omission or nonfeasance which, without proof of a contract to do what was left undone, would not give rise to any cause of action (because no duty apart from contract to do what is complained of exists) then the action is founded upon contract, and not upon tort. If, on the other hand, the relation of the plaintiff and the defendants be such that a duty arises from that relationship, irrespective of contract, to take due care, and the defendants are negligent, then the action is one of tort.

*Oleyar v. Kerr*, 217 Va. 88, 90, 225 S.E.2d 398, 399–400 (1976) (quoting *Burks Pleading and Practice* § 234, at 406 (4th ed.1952)). Without the contract between the parties, there would be no relationship between the parties. There are no duties between the parties that did not begin or arise with the underlying contract. Thus, any action for breach of duty in the performance of the underlying contract, while sounding in tort, is indistinguishable from—and does not arise independent of—Vanguard's breach of contract claim. *See id.* (holding that an action for negligence of an attorney in the performance of professional services is a contract action).

For the reasons stated, Plaintiff's Objections to Magistrate Judge's Report and Recommendation are **OVERRULED**. Count's II through IV of Vanguard's Complaint are **DISMISSED**, provided that Count II may be amended and repled as provided in the Report and Recommendation.

## II.

### A.

Within fourteen days of Magistrate Judge Prince's Report and Recommendation, Vanguard submitted its First Amended Complaint for filing as instructed in the Report and Recommendation. On August 14, 1997, the clerk's office received the First Amended Complaint and marked it "lodged," without formerly filing it. Pursuant to this Court's adoption of the Magistrate Judge's Report and Recommendation, the Clerk is hereby **DIRECTED** to mark the First Amended Complaint "filed" as of August 14, 1997.

### B.

Given the strict fourteen day time limit for filing its First Amended Complaint and hoping that its objections to the Magistrate Judge's Report and Recommendation would be viewed favorably by this Court, Vanguard repled Count III (breach of fiduciary duty) in the First Amended Complaint. It had been recommended by the Magistrate Judge that Count III of Vanguard's Complaint be dismissed without leave to amend. This recommendation became law of the case upon this Court's adoption of the Magistrate Judge's Report and Recommendation. Accordingly, for the reasons stated in part I of this Memorandum and Order, Count III of the First Amended Complaint is hereby **DISMISSED**.

### C.

Furthermore, in the time since the First Amended Complaint was "lodged," the parties have submitted various motions and pleadings based on the First Amended Com-

plaint that have also been "lodged" by the Clerk. These include Finestone's Answer to First Amended Complaint and Counterclaim, Motion to Dismiss Counts II and III of First Amended Complaint, Memorandum of Law in Support of Motion to Dismiss Counts II and III of First Amended Complaint, Motion to Strike Jury Demand for Jury Trial, and Memorandum of Law in Support of Motion to Strike Demand for Jury Trial. Vanguard has "lodged" a Memorandum in Opposition to Finestone's Motion to Dismiss Counts II and III, Memorandum in Opposition to Finestone's Motion to Strike Jury Demand, and Reply to Finestone's Amended Counterclaim. The Clerk is **DIRECTED** to mark these papers "filed" as of the day they were first received in the clerk's office.

### III.

In conclusion, this Court **ADOPTS** the Magistrate Judge's Report and Recommendation; **OVERRULES** the plaintiff's objections to the Report and Recommendation; **DIRECTS** the Clerk of Court to file plaintiff's First Amended Complaint as of the date it was received in the clerk's office; **DISMISSES** Count III of the First Amended Complaint; and, lastly, **DIRECTS** the Clerk to file the subsequent pleadings and motions that have been submitted since the First Amended Complaint as of the date these papers were received in the clerk's office.

**IT IS SO ORDERED.**

### *MAGISTRATE JUDGE'S REPORT & RECOMMENDATION*

PRINCE, United States Magistrate Judge.

#### *Order of Designation*

Senior United States District Judge John A. MacKenzie, by an Order entered July 21, 1997, pursuant to 28 U.S.C. § 636(b)(1)(B), designated the undersigned Magistrate Judge to conduct a hearing and to submit to a judge of the Court proposed recommendations for disposition by the judge of this case. The Court held a hearing on July 21, 1997, at which Eric W. Schwartz, Esquire appeared on behalf of plaintiff, and William F. Devine, Esquire appeared on behalf of defendant.

#### *Nature of the Case*

This is an action by plaintiff, Vanguard Military Equipment Corporation ("Vanguard") against defendant, David B. Finestone Company, Inc. ("Finestone"), alleging breach of contract (Count I), fraud (Count II), breach of fiduciary duty (Count III), and conversion (Count IV). All of the claims arise out of a long-term oral contract between the parties, under which Finestone is the exclusive local distributor for Vanguard's merchandise. Vanguard alleges that Finestone knowingly and fraudulently attempted to conceal certain sales of Vanguard's merchandise, failed to pay Vanguard for that merchandise, and failed to pay Vanguard's share of the profits from such sales.

This claim was brought as a diversity action under 28 U.S.C. § 1332(a)(1). Finestone has filed a Motion To Dismiss Counts II–IV of the plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In the same Motion, Finestone moves to dismiss Count II (fraud) of the plaintiff's complaint pursuant to Federal Rule of Civil Procedure 9(b).

#### *Facts*

Vanguard is a New York corporation that is in the business of selling items that can be attached to military uniforms, such as chevrons, ribbons, and badges. (Complaint ¶¶ 2, 7. Hereinafter, paragraph numbers.) Finestone is a Virginia corporation that has been Vanguard's exclusive agent distributor of Vanguard's merchandise in the Norfolk, Virginia area since the two corporations entered into a contract approximately fifty years ago. (¶¶ 3, 11, 12.)

Under this contractual agreement, Vanguard supplied merchandise to Finestone whenever Finestone requested. (¶ 14.) Finestone would store the merchandise in a warehouse located in Norfolk until it was sold. (¶ 14.) Finestone sold the vast majority of the Vanguard merchandise it received to military exchanges, for which it received a commission of 8% of the total sales price from Vanguard. (¶ 15.)

Finestone also sold a small amount of the Vanguard merchandise it received to individuals or organizations other than the military exchanges ("Non–Exchange Sales"). (¶ 16.) Under the contractual agreement, Finestone received 8% of the total sales price for all credit Non–Exchange Sales. (¶ 17.) However, on cash Non–Exchange Sales, Vanguard and Finestone shared equally the sales proceeds, with Finestone sending Vanguard a check, semi-annually, representing Vanguard's 50% share of such proceeds. (¶ 18.)

Vanguard relied on Finestone to accurately report the amount of cash Non–Exchange Sales it made, and to forward a check to Vanguard semi-annually with Vanguard's share of the proceeds from such sales. (¶ 19.) Lawrence Kesser is Finestone's Vice President, and has been Vice President since 1993 or 1994. (¶ 20.) At some point while acting as Vice President, Kesser told a Vanguard representative that Finestone had discontinued all cash Non–Exchange Sales, so that Vanguard should not expect to receive any further proceeds from such sales. (¶ 21.)

In October, 1996, Vanguard learned that Finestone had continued to make cash Non–Exchange Sales, without remitting any of the proceeds of such sales to Vanguard. (¶¶ 22–23.) Vanguard believes that the undisclosed sales total approximately $300,000, of which approximately $150,000 should have been forwarded to Vanguard under their contractual agreement, but was instead retained by Finestone. (¶ 24.)

### Discussion

### A. Standard of Review for Motions to Dismiss Under Rule 12(b)(6)

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must accept the facts pleaded by the plaintiff as true. The claim should not be dismissed unless it appears beyond doubt that the plaintiff can prove no facts in support of his claims which would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). The complaint must be liberally construed in favor of the plaintiff, even if it appears that "recovery is remote and unlikely." *White v. CMA Constr. Co.*, 947 F.Supp. 231, 234 (E.D.Va.1996). In ruling on a 12(b)(6) motion, the Court can only rely upon the allegations in the complaint and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery County Police Officers*, 762 F.2d 30, 31 (4th Cir.1985), *cert. denied*, 474 U.S. 1054, 106 S.Ct. 789, 88 L.Ed.2d 767 (1986).

In deciding a motion to dismiss, the Court accepts the factual allegations in the complaint and must construe them in the light most favorable to the plaintiff. *Martin Marietta Corp. v. Int'l Telecommunications Satellite Org.*, 991 F.2d 94 (4th Cir.1992).

With these controlling principles in mind, the Court turns to the merits of the motion.

### B. Analysis

The issue at hand is whether plaintiff's tort claims state a claim for which relief may be granted. Finestone argues that the allegations in Vanguard's complaint do not support a cause of action in tort, but merely support a cause of action for breach of contract. Vanguard argues that its tort claims are independent of the breach of contract, and that the allegations are sufficient to survive the present 12(b)(6) motion.

Both parties rely on the Supreme Court of Virginia's opinion in the case of *Kamlar Corp. v. Haley*, 224 Va. 699, 299 S.E.2d 514 (1983). The Court in *Kamlar* discussed the propriety of awarding punitive damages in an action for breach of contract, concluding that punitive damages are only appropriate where there is "proof of an independent, wilful tort, beyond the mere breach of a duty imposed by contract." *Id.* at 518.

The *Kamlar* Court reasoned that the availability of punitive damages for tort claims, and not for claims of breach of contract, leads to the "more or less inevitable efforts of lawyers to turn every breach of contract into a tort." *Id.* at 517 (quoting W. Prosser, Handbook of the Law of Torts § 92 (4th Ed.1971) at p. 614). To avoid this dilemma, the Court emphasized that a mere breach of contract is never sufficient to support punitive damages, regardless of the motive for

the breach, without the existence of an "independent, wilful" tort. *Id.* at 517.

In this case, Vanguard argues that it has alleged three independent, wilful torts that stand alone from its claim for breach of contract, as is clearly allowed under *Kamlar.* Finestone complains that Vanguard has made the same mistake that *Kamlar* warns against, of turning what is essentially a breach of contract claim into a tort claim simply because the available remedies are more attractive. The thrust of Finestone's position is that the torts alleged in Vanguard's complaint are not "independent" or "wilful" such that they state a claim separate from Vanguard's breach of contract claim.

■ The Supreme Court of Virginia has held that a tort claim arising out of a contractual agreement may only stand as an independent claim where "the duty tortiously or negligently breached [is] a common law duty, not one existing between the parties solely by virtue of the contract." *Foreign Mission Board v. Wade,* 242 Va. 234, 409 S.E.2d 144, 148 (1991). The Supreme Court has further explained the distinction between tort and contract as follows:

> The distinction is this: If the cause of complaint be for an act of omission or nonfeasance which, without proof of a contract to do what was left undone, would not give rise to any cause of action (because no duty apart from contract to do what is complained of exists) then the action is founded upon contract, and not upon tort. If, on the other hand, the relation of the plaintiff and the defendants be such that a duty arises from that relationship, irrespective of contract, to take due care, and the defendants are negligent, then the action is one of tort.

*Oleyar v. Kerr,* 217 Va. 88, 225 S.E.2d 398 (1976), *quoting* Burks Pleading and Practice, § 234 at 406 (4th Ed., 1952); *see also Delon Hampton & Associates v. Washington Metropolitan Area Transit Authority,* 943 F.2d 355, 361 (4th Cir.1991) (citing this passage in *Oleyar* as the law in Virginia). Thus, where a duty is created solely by a contractual agreement, a breach of that duty supports only a breach of contract claim, and not a claim founded in tort.[1]

### 1. Fraud (Claim II)

■ Vanguard claims that Finestone intentionally and fraudulently misrepresented that it had discontinued all cash Non–Exchange Sales of Vanguard's merchandise. (¶ 31.) It is well settled that "Virginia law recognizes the separate tort of fraud, even where the parties have agreed to a contract." *City of Richmond v. Madison Management Group,* 918 F.2d 438, 446–47 (4th Cir.1990).[2]

A claim of fraud may often stand even where the allegations arise out of a breach of contract: "An independent tort is one that is factually bound to the contractual breach but whose legal elements are distinct from it. Fraud is a wilful tort. It is the knowing misrepresentation of a material fact to a person whose reasonable reliance results in damage." *Lissmann v. Hartford Fire Ins. Co.,* 848 F.2d 50, 52–53 (4th Cir.1988) (citing *Winn v. Aleda Constr. Co.,* 227 Va. 304, 315 S.E.2d 193 (1984)). However, in order for a breach of contract to support an independent tort action for fraud, the fraudulent misrepresentation must be more than a mere promise that is later broken.

The Supreme Court of Virginia has explained the distinction between a false statement actionable as a breach of contract and a false statement actionable as a fraud in *Colonial Ford Truck Sales, Inc. v. Schneider,* 228

---

**1.** This doctrine is similar to the "economic loss doctrine," which holds that "[I]f the defendant breaches a duty owned to the plaintiff only through a contractual agreement, the plaintiff may not recover purely economic losses in a related tort action against the defendant." *Tidewater Beverage Services v. Coca Cola Co.,* 907 F.Supp. 943, 947–48 (E.D.Va.1995).

**2.** As additional evidence on this point, Vanguard cites a number of cases from the Supreme Court

of Virginia in which a breach of contract claim has been joined with a fraud claim arising out of the contractual relationship. *See, e.g. Nationwide Mutual Ins. Co. v. Hargraves,* 242 Va. 88, 405 S.E.2d 848 (1991); *Edmiston Homes, Ltd. v. McKinney Group,* 241 Va. 263, 401 S.E.2d 875 (1991); *Bryant v. Peckinpaugh,* 241 Va. 172, 400 S.E.2d 201 (1991); *Elliott v. Shore Stop. Inc.,* 238 Va. 237, 384 S.E.2d 752 (1989).

Va. 671, 325 S.E.2d 91 (1985). *Colonial Ford* distinguishes between a statement that is false when made, and a promise that becomes false only when the promisor later breaks his promise; the former is fraud, the latter is breach of contract. *Id.* at 94; *see Tidewater Beverage Services v. Coca Cola Co.,* 907 F.Supp. 943, 947 (E.D.Va.1995) (allowing a fraud claim to stand because "[t]he alleged misrepresentation is not simply a promise to do something in the future; it is, instead, a deliberate misstatement of an existing fact related to Defendant's present intentions.")

The Fourth Circuit explained the reasoning behind this distinction in *Lissmann,* 848 F.2d 50. The *Lissmann* court stated that it is obvious that the reason a promise to perform an act in the future is not a "representation" for the purposes of alleging fraud is that "[w]ithout that rule almost every breach of contract could be claimed to be a fraud." *Id.* at 53.

Thus, a claim of fraud alleges an independent, wilful tort where the alleged misrepresentation is an affirmative statement about past or present facts. Such a claim is not based on a duty created solely by contract, but by "a duty imposed by tort law, i.e., the duty not to commit fraud." *City of Richmond v. Madison Management Group,* 918 F.2d 438, 447 (4th Cir.1990); *see Tidewater Beverage Services v. Coca Cola Co.,* 907 F.Supp. 943, 948 (E.D.Va.1995).

In this case, Vanguard alleges that Finestone deliberately and fraudulently misrepresented that it had discontinued all cash NonExchange sales, when in fact such sales never stopped. This statement was allegedly false when made, and referred to a present fact. Thus, this statement allegedly violated the duty not to commit fraud, which is a duty imposed by the law of tort. For this reason, the statement is actionable as a tort, and not merely as a breach of contract, so that this fraud claim may not be dismissed under Fed. R.Civ.P. 12(b)(6).

Finestone also argues that Vanguard's fraud claim fails to satisfy the requirements of Federal Rule of Civil Procedure 9(b) that "[i]n all averments of fraud ... the circumstances constituting fraud ... shall be stated

with particularity." Vanguard concedes that it has not fully complied with Rule 9(b), and states that it is prepared to file an Amended Complaint as to the fraud claim that would comport with the Rule. For these reasons, this claim will be dismissed as pled with insufficient particularity, with leave to amend to comply with Rule 9.

### 2. Breach of Fiduciary Duty (Claim III)

Vanguard alleges that, as the exclusive sales agent for Vanguard, Finestone owed Vanguard a fiduciary duty to use its best efforts to sell Vanguard's goods, and to act fairly and honestly in its relationship with Vanguard. (¶ 36.) Vanguard alleges that Finestone breached that fiduciary duty by failing to report all sales to Vanguard, and by failing to remit the proceeds from those unreported sales to Vanguard. (¶ 37.)

This claim does not state an independent tort because the duty allegedly breached by Finestone was created solely by virtue of the contract between Vanguard and Finestone. There is no general duty of "good faith and fair dealing" between individuals created by the law of tort, although there is such an implied duty created by the law of contracts. Although Vanguard labels the duty a "fiduciary duty," there is no basis to assert that Finestone owed Vanguard any more than the ordinary duty of good faith and fair dealing created by the existence of a contract. Thus, this claim does no more than state a basis for a claim of breach of contract.

This view is supported by the Fourth Circuit's decision in *Bettius & Sanderson v. National Union Fire Ins. Co.,* 839 F.2d 1009 (4th Cir.1988), in which the court discussed whether punitive damages were appropriate for an allegation of a breach of the fiduciary duty owed by an insurer to an insured. The court held that, because the alleged duty was created by the contract, and had no other source, that the claim was not an independent, wilful tort, but rather constituted only a claim for breach of contract. *Id.* at 1015; *see also Lissmann v. Hartford Fire Ins. Co.,* 848 F.2d 50, 53 (4th Cir.1988) (same).

The Supreme Court of Virginia has also decided this issue in a slightly different con-

text. In *Charles E. Brauer Co. v. Nations-Bank of Virginia,* 251 Va. 28, 466 S.E.2d 382, 385 (1996), the Supreme Court held that a breach of the obligation of good faith created by Section 8.1–203 of the Uniform Commercial Code (U.C.C.) did not amount to an independent tort, but rather only gave rise to a claim for breach of contract.

Finestone's alleged breach of its duty of good faith and fair dealing, inaccurately labeled by Vanguard as a breach of fiduciary duty, is simply a breach of the contractual agreement. In no way does this claim allege an independent tort. Therefore, this claim must be dismissed under Fed.R.Civ.P. 12(b)(6).

### 3. Conversion (Claim IV)

■ Claim IV alleges that Finestone intentionally deprived Vanguard of its ownership interest in the proceeds of sales of Vanguard's merchandise, by failing to remit the proceeds of unreported cash Non–Exchange Sales. (¶ 41.) However, this allegation simply makes out a claim for breach of contract, and cannot support an independent tort claim. Vanguard does not allege any facts or damages incurred that are specific to a claim of conversion. Rather, it is clear that this claim is an attempt to transform a breach of contract action into a tort action simply because the available remedies are more attractive, just as the Supreme Court of Virginia prohibited in *Kamlar,* 299 S.E.2d at 517.

In *Acorn Structures, Inc. v. Swantz,* 846 F.2d 923 (4th Cir.1988), the plaintiff alleged conversion as well as breach of contract based on the unauthorized retention and use of its architectural plans. The Court found that the contract was breached when the defendant allowed the plans to be used by another architect, but did not grant relief on the ground of conversion based on the retention of the plans, stating that "at best conversion is only an alternative ground of action to that of breach of contract." *Id.* at 926.

In this case, the duty allegedly breached by Finestone, to remit the proceeds of its cash Non–Exchange Sales to Vanguard, was created solely by virtue of their contractual agreement. The factual and legal issues involved in the conversion claim are identical to those in the breach of contract claim. This claim cannot be construed as an independent tort. For these reasons, this claim must be dismissed under Fed.R.Civ.P. 12(b)(6).

### RECOMMENDATION

For the foregoing reasons, it is RECOMMENDED that Finestone's Motion to Dismiss Claims II–IV of the complaint, based on Fed.R.Civ.P. 12(b)(6), be GRANTED as regards Claim III (breach of fiduciary duty) and Claim IV (conversion). It is further RECOMMENDED that Finestone's Motion to Dismiss Claim II (fraud) of the complaint under Fed.R.Civ.P. 9(b), as pled with insufficient particularity, is GRANTED, with leave to amend within fourteen (14) days of the date of this Report and Recommendation.

### REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Carr v. Hutto,* 737 F.2d 433 (4th Cir.1984), *cert. denied,* 474 U.S. 1019, 106 S.Ct. 567, 88 L.Ed.2d 552 (1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir.), *cert. denied,*

467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984).

July 31, 1997.