**VANGUARD MILITARY EQUIPMENT CORPORATION, Plaintiff,**

v.

**DAVID B. FINESTONE COMPANY, INC., Defendant.**

**Civil Action No. 2:97CV459.**

United States District Court, E.D. Virginia, Norfolk Division.

Oct. 15, 1997.

---

Eric W. Schwartz, Christian Lee Connell, Mays & Valentine, Norfolk, VA, for Plaintiffs.

William Franklin Devine, Samantha S. Otero, Jeffrey Lance Stredler, William Franklin Devine, Hofheimer, Nusbaum, McPPhaul & Samuels, PC, Norfolk, VA, for Defendants.

## MEMORANDUM OPINION AND ORDER

CLARKE, District Judge.

This matter is before the Court on four motions: (1) defendant, David B. Finestone Company, Inc.'s (Finestone), Motion to Dismiss Counts II and III of First Amended Complaint; (2) Finestone's Motion to Strike Jury Demand for Jury Trial; (3) plaintiff, Vanguard Military Equipment Corporation's (Vanguard), Motion for Leave to File an Amended Complaint; and (4) Vanguard's Motion to Compel. After reciting the facts, these motions will each be addressed below.

## I.

### Facts

Vanguard is in the business of selling ribbons, badges and other items that can be attached to military uniforms. Finestone is Vanguard's long-time distributor in the Norfolk, Virginia area. This is a dispute over proceeds from sales of Vanguard merchandise by Finestone.

Citing diversity jurisdiction, Vanguard filed its Complaint in this matter on May 8, 1997. The Complaint contains four counts: Count I, breach of contract; Count II, fraud; Count III, breach of fiduciary duty; and Count IV, conversion.

Finestone's Answer, filed May 23, 1997, specifically responds to the Count I breach of contract claim. With regard to Counts II through IV, Finestone filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6).

By Order entered July 21, 1997, Senior United States District Judge John A. MacKenzie designated United States Magistrate Judge William T. Prince to conduct a hearing and submit to the Court proposed recommendations for disposition of Finestone's motion to dismiss. Magistrate Judge Prince's Report and Recommendation, filed July 31, 1997, recommends that Finestone's motion to dismiss be granted for the Count III breach of fiduciary duty claim and Count IV conversion claim under Fed.R.Civ.P. 12(b)(6). *Vanguard Military Equip. Corp. v. David B. Finestone Co.*, 979 F.Supp. 401, 408 (E.D.Va. 1997). This dismissal recommendation is based upon controlling Virginia law holding that a contract claim may not be pled as a tort claim. *Id.* at 407–408. Furthermore, Magistrate Judge Prince recommends that the Count II fraud claim be dismissed under Fed.R.Civ.P. 9(b) because it is pled with insufficient particularity. *Id.* at 406–407. Lastly, Magistrate Judge Prince recommends that Vanguard be granted leave to amend Count II "within fourteen (14) days of the date of [his] Report and Recommendation." *Id.* at 408.

Vanguard timely filed an Objection to Magistrate Judge's Report and Recommen-

dation. Vanguard's only objection is that the Count III breach of fiduciary duty claim was wrongly dismissed. Vanguard claims that its breach of fiduciary duty claim based on the parties' agency relationship arises separate from its contract claim, and thus can be raised in addition to the contract claim under Virginia law.

Vanguard also filed a First Amended Complaint within the fourteen day time frame allowed by Magistrate Judge Prince. In the First Amended Complaint, Vanguard re-pleads its Count II fraud claim. Vanguard also includes a restated Count III breach of fiduciary duty claim. Lastly, the First Amended Complaint contains a jury demand. This is the first time either party requests a jury in this case.

In a Memorandum and Order entered September 19, 1997, this Court overrules Vanguard's objection to and adopts the Magistrate Judge's Report and Recommendation in whole. *Id.* at 404. The Court also directs the Clerk of Court to file the First Amended Complaint and other documents that had been lodged with the Clerk pending review of the Magistrate Judge's Report and Recommendation. *Id.* Then, the Court summarily dismisses the Count III breach of fiduciary duty claim in the First Amended Complaint based on two grounds. First, Magistrate Judge Prince recommended that Count III does not survive Fed.R.Civ.P. 12(b)(6) scrutiny and this Court adopted that recommendation after *de novo* review. *Id.* at 403. And second, no leave was given to file an amended Count III. *Id.*

Before this Court issued its September 19, 1997 Memorandum and Order, Finestone filed an Answer to First Amended Complaint and Counterclaim. It also filed a Motion to Dismiss Counts II and III of First Amended Complaint and a Motion to Strike Jury Demand for Jury Trial. For its part, since the September 19, 1997 Memorandum and Order, Vanguard has filed, among other things, a Motion for Leave to File an Amended Counterclaim and a Motion to Compel. It is these last four motions that will be dealt with herein.

## II.

## Motions to Dismiss and for Leave to File an Amended Complaint

Finestone's Motion to Dismiss Counts II and III of First Amended Complaint and Vanguard's Motion for Leave to File an Amended Complaint may be disposed of together.

### A.

The Court will first address the Count III breach of fiduciary duty claim. Vanguard's Motion for Leave to File an Amended Complaint is essentially a motion for leave to refile this Count III breach of fiduciary duty claim. *See* Mot. for Leave to File an Am. Compl. 1 (Sept. 30, 1997) (moving for an order granting "leave to file an amended complaint with respect to its breach of fiduciary duty claim").

#### 1.

When Magistrate Judge Prince recommended dismissal of Count III pursuant to Fed.R.Civ.P. 12(b)(6), he did not grant leave to amend it. Nevertheless, Vanguard included an amended Count III fiduciary duty claim in its First Amended Complaint. When the Court accepted the First Amended Complaint for filing, however, it summarily dismissed the amended Count III. *See Vanguard Military Equip. Corp.*, 979 F.Supp. at 403. This dismissal was based upon the Court's adoption of the Magistrate Judge's Report and Recommendation that had dismissed Count III without leave to amend. *See id.*

Nevertheless, Vanguard now argues that it was entitled to amend Count III as of right pursuant to Fed.R.Civ.P. 15(a). That rule states that "[a] party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served ...." Fed.R.Civ.P. 15(a). While Finestone has filed an answer to the original complaint, Vanguard argues, no specific responses were given to the Count III breach of fiduciary duty claim. With regard to Count III, Finestone's answer only makes reference to its motion to dismiss and does not respond directly to each allegation set out in Count III

of Vanguard's original complaint. *See* Answer and Countercl. 6 (May 23, 1997).

 Vanguard's argument does not survive scrutiny. For the following reasons, this Court holds that Vanguard's right to amend without leave of court terminated upon Finestone's serving of its Answer and Counterclaim on May 23, 1997, despite the fact that the answer does not specifically address the Count III fiduciary duty issue. Significantly, Fed.R.Civ.P. 15(a) does not refer to responsive allegations; it refers to responsive pleadings. Once "a responsive pleading is served," the party's right to amend without leave of court is extinguished. "The term *responsive pleading* is defined by reference to Rule 7(a), which distinguishes between pleadings and motions, and provides an exclusive list of what is a pleading: a complaint, an answer, a reply to a counterclaim, an answer to a cross-claim, a third party complaint, and an answer." 3 *Moore's Federal Practice* § 15.11 (3d ed.1997). Just because an answer does not respond to all the allegations in the complaint does not make it any more or less a "pleading" for Rule 7(a) and 15(a) purposes. If the answer does not adequately address "each claim asserted" as required by Fed.R.Civ.P. 8(b), it may be deemed to be a deficient answer, but it is still an answer nonetheless. Because Fed.R.Civ.P. 15(a) plainly makes reference to the serving of "a responsive pleading," Finestone's Answer and Counterclaim in this case qualifies as such, and the serving of it terminated Vanguard's right to amend Count III of its complaint without leave of court.

### 2.

Next, this Court will address Vanguard's motion for leave to file an amended complaint that includes a restated Count III breach of fiduciary duty claim.

 Federal Rule of Civil Procedure 15(a) states that leave to amend shall be "freely granted when justice so requires." Fed. R.Civ.P. 15(a). The prevailing view is that "[a] liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a)." 3 *Moore's Federal Practice* § 15.14[1] (3d ed.1997); *see Ward Electronics Service, Inc. v. First Commercial Bank,*

819 F.2d 496, 497 (4th Cir.1987). "[T]o justify a denial of such leave [to amend], it must appear to the Court that the amendment is futile, offered in bad faith, prejudicial or otherwise contrary to the interests of justice." *Roper v. County of Chesterfield, Virginia,* 807 F.Supp. 1221, 1223 (E.D.Va.1992).

Finestone's primary argument against allowing leave to amend is that the amendment will be futile. Finestone argues that Magistrate Judge Prince, in his Report and Recommendation, and this Court, in its September 19, 1997 Memorandum and Order, both held that Vanguard's fiduciary duty claim arises from the contract claim and the two may not be pled as separate claims. Thus, Finestone argues, Vanguard is precluded forever from bringing a breach of fiduciary duty claim in this case.

This Court reaffirms its holding made in the September 19, 1997 Memorandum and Order that Count III as stated in the original complaint is insufficient under the controlling Virginia authorities. *See Vanguard Military Equip. Corp.,* 979 F.Supp. at 403. As it was pled, that count simply failed to assert a separate and distinct claim from the breach of contract claim. Yet, this Court erred to the extent that it summarily dismissed Count III in the First Amended Complaint for this same reason. Count III in the First Amended Complaint properly alleges a separate basis for Vanguard's Count III fiduciary duty claim. The claim, therefore, should have been dismissed solely because it was submitted without leave of court, not because it is insufficient under Virginia law.

 It is not futile for Vanguard to assert a properly pled Count III breach of fiduciary duty claim. To be properly pled, the claim must state a cause of action in tort that is independent from the breach of contract cause of action. In other words, the duty owed by Finestone to Vanguard must be derived from some source of law other than *ex contractu.* Hence, "the duty tortiously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of the contract." *Foreign Mission Board v. Wade,* 242 Va.

234, 409 S.E.2d 144, 148 (1991).[1] Vanguard properly asserts a separate common law basis for its breach of fiduciary duty claim in the First Amended Complaint, and the claim, as it is stated, is not futile.

■ Finestone argues that Vanguard's fiduciary duty claim is inseparable from its contract claim because both seek the same compensatory damages for the same conduct. But, neither the conduct causing the breach nor the specific damages that result from that conduct is relevant under the Virginia authorities. "[I]n certain circumstances the actions of the party breaching the contract can show 'both a breach of the contract terms and a tortious breach of duty.'" *Id.* (quoting *Kamlar Corp. v. Haley,* 224 Va. 699, 299 S.E.2d 514, 517 (1983)). On the other hand, what is relevant is that there are two separate duties that are breached by the same or separate conduct—a duty arising out of the contract and a duty arising out of common law. *Id.*

Exercising its discretion under Fed. R.Civ.P. 15(a), this Court GRANTS leave for Vanguard to file an amended complaint that includes an amended Count III breach of fiduciary duty claim. Count III of the First Amended Complaint is not futile. Likewise, the Court finds that there is no prejudice in the allowance of leave to amend, the amendment is not offered in bad faith, and the interests of justice will be served by allowing Vanguard to plead every separate claim it has against Finestone in this one action.

### 3.

In sum, Finestone's motion to dismiss Count III of the First Amended Complaint is **DENIED**. The Court's summary dismissal of Count III of the First Amended Complaint in its Memorandum and Order of September 19, 1997 is VACATED, and Count III of the First Amended Complaint is reinstated by GRANTING Vanguard leave to file the amended Count III.

### B.

Finestone also seeks dismissal of Count II of the First Amended Complaint.

The Count II fraud claim in the First Amended Complaint is virtually identical to the Count II fraud claim found in Vanguard's original complaint. The only difference is that in the First Amended Complaint, Vanguard adds a paragraph giving more factual details in order to satisfy the particularity requirements of Fed.R.Civ.P. 9(b).

In the current motion to dismiss, Finestone does not challenge the re-pled Count II fraud claim under Fed.R.Civ.P. 9(b) particularity grounds. It argues for dismissal of the claim under Fed.R.Civ.P. 12(b)(6).

In his July 31, 1997 Report and Recommendation, Magistrate Judge Prince thoroughly explains the law in Virginia with regard to allowing an independent fraud claim to stand beside a breach of contract claim. In the Report and Recommendation, Magistrate Judge Prince quotes the general rule: "An independent tort is one that is factually bound to the contractual breach but whose legal elements are distinct from it. Fraud is a wilful tort. It is the knowing misrepresentation of a material fact to a person whose reasonable reliance results in damage." *Vanguard Military Equip. Corp.,* 979 F.Supp. at 406 (quoting *Lissmann v. Hartford Fire Ins. Co.,* 848 F.2d 50, 52–53 (4th Cir.1988) (citing *Winn v. Aleda Constr. Co.,* 227 Va. 304, 315 S.E.2d 193 (1984))). Then, Magistrate Judge Prince cites the Virginia authorities distinguishing between a statement that is false when made (fraud) and a promise that becomes false when the promisor later breaks his promise (breach of contract). *Id.* at 406–407 (citing *Colonial Ford Truck Sales, Inc. v. Schneider,* 228 Va. 671, 325 S.E.2d 91, 94 (1985)). Finally, Magistrate Judge Prince applies these rules to Vanguard's Count II fraud allegations found in the original Complaint:

In this case, Vanguard alleges that Finestone deliberately and fraudulently misrepresented that it had discontinued all cash

---

1. *See Kamlar Corp. v. Haley,* 224 Va. 699, 299 S.E.2d 514, 517 (1983) (an "independent, wilful tort" is needed); *cf. Bettius & Sanderson v. National Union Fire Ins. Co.,* 839 F.2d 1009, 1015 (4th Cir.1988) (duty owed between an insurer and insured arises from the contract and not from tort law).

Non–Exchange sales, when in fact such sales never stopped. This statement was allegedly false when made, and referred to a present fact. Thus, this statement allegedly violated the duty not to commit fraud, which is a duty imposed by the law of tort.

*Id.* at 407. In conclusion, Magistrate Judge Prince finds that the Count II fraud claim "is actionable as a tort, and not merely as a breach of contract, so that this fraud claim may not be dismissed under Fed.R.Civ.P. 12(b)(6)." *Id.*

■ For these same reasons, the restated Count II fraud claim in the First Amended Complaint may not be dismissed under Fed. R.Civ.P. 12(b)(6). Vanguard alleges the following in Count II of its First Amended Complaint:

31. Finestone, acting by and through its agents and employees, knowingly, intentionally and fraudulently misrepresented to Vanguard that it had discontinued its cash Non–Exchange Sales of Vanguard merchandise.

32. In fact, Finestone continued to make cash Non–Exchange Sales but did not remit to Vanguard its share of the proceeds of such sales.

First Am. Compl. 6 (Sept. 19, 1997). These paragraphs allege that Finestone made a representation of a present fact that was false when made, not a promise about future events that was later breached. The amended fraud claim therefore states the tort of fraud and may be pled independently of the breach of contract claim.

■ In sum, Finestone's motion to dismiss Count II of the First Amended Complaint is DENIED.[2]

### III.

### Motion to Strike Jury Demand

For the first time in this case, Vanguard requests a jury in its First Amended Complaint. Before the First Amended Complaint was filed neither party had demanded a jury trial. Finestone moves this Court to strike Vanguard's jury demand.

Federal Rule of Civil Procedure 38(b)(1) allows either party to demand a jury trial "not later than 10 days after the service of the last pleading directed to such issue." Fed.R.Civ.P. 38(b)(1). Eastern District of Virginia Local Rule 38 states that "[a]ny demand for jury in a civil action must be in writing and filed strictly in accordance with Fed.R.Civ.P. 38. E.D. Va. Local Rule 38." Thus, the central question with regard to this motion is whether the jury demand was made within 10 days of the last pleading directed to an issue in the case.

■ Vanguard's jury demand is timely and proper. At the time Vanguard filed its First Amended Complaint containing the jury demand, Finestone had not yet filed responsive allegations with regard to Vanguard's Count II fraud claim. Finestone's answer did not contain admissions or denials in response to the fraud claim. Presumably, the fraud claim will be answered some time in the future. When it is answered, the last pleading will be filed directed at this issue. Accordingly, under the plain language of Fed.R.Civ.P. 38(b)(1), Vanguard's jury demand was filed "not later than 10 days after the service of the last pleading directed to such issue."

■ An alternative basis for holding that the jury demand is proper is Finestone's introduction of a new issue into this litigation. Finestone's Answer to First Amended Complaint and Counterclaim adds a new issue that has not previously been raised in the case. Specifically, Finestone raises a new breach of contract claim entitled "Breach of Contract Related to Unilateral Discontinuation of Reimbursement for Delivery Expenses." Countercl. ¶ 11 (Aug. 22, 1997). The claim states: "Vanguard has further

---

2. In its motion to dismiss Count's II and III of the First Amended Complaint, Finestone also asks the Court to strike Vanguard's demand for punitive damages. It is well settled under Virginia law that Vanguard may not seek punitive damages for its breach of contract claim. *Kamlar Corp. v. Haley,* 224 Va. 699, 299 S.E.2d 514,

518 (1983). Nevertheless, punitive damages are recoverable on Vanguard's Count II fraud claim. *Id.* (holding that a "wilful tort" is a "predicate for an award of punitive damages"). Thus, it is inappropriate to strike the punitive damages demand as long as the Count II fraud claim remains in this suit.

breached its contractual obligations to Finestone by refusing to reimburse Finestone for delivery expenses, and is indebted to Finestone in the additional amount of approximately $4,057.10 as a result of such breach." *Id.* While this claim is related to Finestone's previous breach of contract counterclaim, it asserts an additional amount in damages for delivery expenses that was not previously requested. Arguably, the raising of this new issue revives Vanguard's previous jury demand made in its First Amended Complaint. *See Jones v. Boyd,* 161 F.R.D. 48, 49 (E.D.Va.1995) (holding that an amendment to a complaint revives plaintiff's right to request a jury trial).

In conclusion, Finestone's motion to strike Vanguard's jury demand is DENIED, and this case will proceed on the docket towards a jury trial.

### IV.

### Motion to Compel

Lastly, the Court will consider Vanguard's Motion to Compel. The general rule with regard to pre-trial discovery is as follows:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party .... The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1).

Vanguard seeks to compel supplemental answer to Interrogatory numbers 6, 10, 13, and 14 and Requests for Production letters C, E, K, L, M, N, P, and Q.

### A.

Interrogatory 6 seeks information concerning persons to which Finestone made sales of Vanguard merchandise since 1990. Interrogatory 10 seeks information concerning Finestone's gross sales of Vanguard merchandise to entities other than military exchanges since 1990. Interrogatory 13 seeks information concerning Finestone's sales of Vanguard merchandise to all persons, including military exchanges, since 1990. And, Interrogatory 14 seeks information concerning Finestone's gross sales of all merchandise since 1990.

Finestone's primary objection to responding to these interrogatories is that they seek information from before May 1994, which is three years before this action was begun. Finestone argues that Vanguard's breach of contract claim has a three year statute of limitation and anything before May 1994 is irrelevant.

 The information requested in Interrogatories 6, 10 and 13 is discoverable. Vanguard has asserted more than merely a breach of contract claim. It has also pled a fraud claim alleging fraudulent activity by Finestone back to 1990. Finestone's sales information with regard to Vanguard merchandise is therefore "relevant to the subject matter" in addition to being reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). Finestone is hereby ORDERED to fully answer Interrogatories 6, 10, and 13.

 The information in Interrogatory 14 is also discoverable. Vanguard seeks punitive damages in this case. Information concerning Finestone's gross sales of merchandise is both relevant to the subject matter of Vanguard's punitive damages claim and reasonable. *See Austell v. Smith,* 112 F.R.D. 230, 233 (W.D.N.C.1986); *Eastern Auto Distribs., Inc. v. Peugeot Motors of America, Inc.,* 96 F.R.D. 147, 149 (E.D.Va.1982); *Holliman v. Redman Dev. Corp.,* 61 F.R.D. 488, 492 (D.S.C.1973). Finestone is hereby ORDERED to produce the information requested in Interrogatory 14.

### B.

 Vanguard's Request for Production C seeks Finestone's income tax returns for 1989 through 1996. In light of the fact that Vanguard is entitled to seek punitive damages based on its fraud claim, this request is both related to the subject of the action and reasonable. *See id.* Finestone is hereby

ORDERED to produce the information sought in Request for Production C.

■ Vanguard's Request for Production E seeks "[a]ny document which you reserve the right to introduce, or intend to introduce at any trial of this matter, as evidence in your case in chief, or otherwise." Pl.'s First Interrogs. and Req. for Produc. of Docs. 19 (served July 18, 1997). Finestone objects to this request on the ground that it seeks documents protected by the attorney work product doctrine. In its brief in opposition to Vanguard's motion to compel, however, Finestone states that "it has no intention of introducing into evidence any document that has not been produced—either from Vanguard to Finestone or from Finestone to Vanguard—in discovery." Memo. in Opposition to Mot. to Compel 5 (Oct. 6, 1997). The Court interprets this statement as Finestone's consent to produce all documents which it intends to introduce into evidence at trial. This is all that Vanguard asks for in request E. Thus, Finestone is ORDERED to produce all documents that it intends to introduce into evidence at the trial of this matter.

Vanguard's Requests for Production K, L, M, N, P, and Q all request documents concerning Finestone's sales from 1989 through 1996. Finestone's primary objection with regard to these requests is that documents prior to May 1994 are not relevant based on a three year statute of limitations for Vanguard's breach of contract claim. As mentioned above, Vanguard has properly asserted a fraud claim that alleges fraudulent conduct as early as 1990. Accordingly, documentation for sales of Vanguard merchandise as early as 1989 is properly within the scope of discovery in this case. Finestone is ORDERED to produce the documents requested in Requests for Production K, L, M, N, P, and Q.

At the hearing on Vanguard's Motion to Compel and in its brief, Finestone contends that due to a change in leadership in the company, it cannot locate and does not have possession of some of the sales information going back to 1990. This Memorandum Opinion and Order does not require Finestone to produce anything that it or its employees and agents do not have possession of. However, Finestone is DIRECTED to either produce the information Vanguard requests or act in good faith in providing Vanguard with other material and documentation from which the requested information may be reconstructed. The other material and documentation may included the names of present and former employees, agents, and clients who may help in reconstructing some of the allegedly lost information.

## V.

### Conclusion

For the reasons stated herein, (1) Finestone's Motion to Dismiss Counts II and III of First Amended Complaint is DENIED (2) Finestone's Motion to Strike Jury Demand for Jury Trial is DENIED; (3) Vanguard's Motion for Leave to File an Amended Complaint is GRANTED, and the First Amended Complaint is reinstated *in toto;* and (4) Vanguard's Motion to Compel is GRANTED.

This case will proceed on the docket towards a jury trial based on the three claims presented in Vanguard's First Amended Complaint filed on September 19, 1997. These claims are Count I (breach of contract), Count II (fraud), and Count III (breach of fiduciary duty).

**IT IS SO ORDERED.**